This is an appeal by W.T. Burton Co., Inc., and its insurance carrier, the U.S. Fidelity Guaranty Co., from a judgment awarding compensation to the widow and the minor children for the death of an employee, Oliver Ausbon Cole, of the said Burton Company.
The deceased, together with several other employees, was working for the defendant company at Hackberry, some 20 or 25 miles from Sulphur, driving a truck in connection with some drilling operations of the company. On the day of the accident, the deceased had driven one of the company's trucks to Hackberry; under the rules of the company, the drivers of the trucks were required to leave the trucks on the job at Hackberry after they had finished their day's work. It is admitted that it was the customary and common practice for the defendant company to transport its employees living in and around Sulphur to and from Hackberry before and after their work hours; in fact, deceased had no other means of getting back to Sulphur save and except the truck of defendant company driven by the foreman of the crew, and which truck was used to transport the employees to and from their work. There can be no doubt but that there was an implied agreement between deceased and his employer that the latter would furnish transportation for him to go to and from his work from Sulphur to Hackberry. On the day of the accident, decedent, together with other co-employees, after they had finished their work for the day, got into the truck, and all sat in the back of the cab; the foreman driving, the truck then proceeded to Sulphur.
The main street of Sulphur is a wide paved street, running north and south. Parking regulations require vehicles to park on this street at a 45° angle. The defendant has its office at about the middle of a block, on the west side of this street. At the time of the accident, there were automobiles parked on the east, opposite defendant's office. Upon reaching Sulphur the foreman in charge of the truck stopped the truck, facing north, on the east side, opposite defendant's office, the left side of the truck being near the center line of the street, the right side to the rear of the parked cars, for the purpose of allowing the employees to alight.
As soon as the truck so stopped, the employees began to alight therefrom. The deceased walked towards the rear end of the truck to about the left hand corner, near the tail light, for the purpose of alighting. Some of the employees had preceded deceased in alighting and some were still in the truck. Immediately upon alighting to the rear of the truck, at the left corner near the tail light and left fender, and apparently before having time to make an effort to move away from the truck, an automobile driven by a reckless and drunken driver coming from the north, or opposite direction from which the stopped *Page 193 
truck was facing, sideswiped the rear end of the truck, striking the deceased, causing his immediate death.
There is only one question to be decided, as all other matters are admitted, and that is whether or not the death of the employee was in the course of his employment and arose out of and was incidental to that employment so as to come within our compensation statute.
There is no doubt that if the deceased had been killed while riding or falling off of the truck while being transported from Hackberry to Sulphur the accident would be considered as arising out of his employment and compensation would be due. See Walker v. Lykes-Brothers-Ripley S.S. Co., La.App., 166 So. 624.
Whether or not, under the facts above found, the accident to the deceased arose out of and in the course of his employment depends upon the determination of the question as to whether at the time of the accident the deceased was being "transported". We are of the opinion that he was. The courts of this State have never been called upon to decide the exact time or place when such transportation commences or ceases. That question has, however, been before courts of other states.
In Scott v. Willis, 150 Va. 260, 142 S.E. 400, 401, the employer furnished free transportation by means of a truck to the employee to and from his home and the place where he was required to work. At the end of the working day, the employee was being transported to his home; the truck stopped on the extreme right hand side of the highway for the employee to alight; he lived on the left side of the highway, as the truck was facing; he alighted from the right hand side of the truck; the truck then moved on; after walking two steps into the highway intending to cross it, he was struck by an automobile and injured. An award of compensation was affirmed.
In that case, the court, considering the question of whether, under the facts stated, the injury occurred during transportation, stated: "The question is very close. We agree with the commission, however, that the journey had not ended, and that the employee was still protected under the act. We think it can certainly be said that the transportation of this claimant to his home was not completed until he had reached a point which exempted him from the risks incident to that particular journey. He was not relieved of the peculiar risks incident to his journey while alighting from the truck or while necessarily in that part of the highway allotted to vehicles as distinguished from the sidewalks allotted to pedestrians. As in most accidents, it is a question of seconds. We think in this case that his journey had not ended at the time of the claimant's injury; that he was in the act of leaving the vehicle of his employer, seeking a safe place on the sidewalk; and that the injury was so close in time and space as to be an incident of the transportation, and hence that it arose out of and in the course of his employment."
In Howes v. Stark Bros. Nurseries Orchards Co., 223 Mo.App. 793, 22 S.W.2d 839, 840, wherein the employer provided transportation by bus to its employees to and from the city and its plant some two miles distant, and wherein claimant was struck and injured by a passing automobile while crossing a public highway, after working hours, to take the bus home from work, an award of compensation was affirmed. The court held that "An accident to an employee while crossing a public highway to ride home from work in such bus is so connected with such transportation that it arises out of and in the course of the employment."
These two cases are cited with approval of their holdings in the case of Dellepiani v. Industrial Accident Comm., 211 Cal. 430,295 P. 826.
Prior to 1923, the Supreme Court of Minnesota, in several cases, mainly Nesbitt v. Twin City Forge Foundry Co., 145 Minn. 286, 177 N.W. 131, 10 A.L.R. 165, decided that on account of a restricted clause in the compensation law that an employee injured while riding to or from his place of work in a conveyance furnished by his employer could not recover compensation. This restriction was, however, removed in 1923 by the addition of the following clause: "Provided, that where the employer regularly furnishes transportation to his employes to or from the place of employment, such employes shall be held to be subject to this act while being so transported * * *." Mason's Minn.St. 1927, § 4326 (j). This latter part is the settled rule in Louisiana. Walker v. Mills Eng. Const. Co. et al., La.App., 152 So. 83; Thompson et al. v. Bradford Motor Freight Line, La.App., 148 So. 79; *Page 194 
Mahaffey v. Mill Creek Lbr. Co., La.App., 147 So. 834, and many others.
In Markoff v. Emeralite Surfacing Products Co., 190 Minn. 555,252 N.W. 439, 441, Markoff worked for the defendant at its plant located on a highway. He lived on a farm near that highway about two miles from the plant. The defendant regularly furnished transportation to its employees, including Markoff, to and from work, by means of a truck owned by it. When the truck reached a point on the highway opposite the path which led to the farm, it was stopped on the right side of the highway to permit Markoff to alight. He did so on the left side of the truck and started across the highway to reach the path. After descending and taking two or three steps (not over five feet) he was hit by a car going in the opposite direction from that of the truck and driven by a third person. Markoff was quite seriously injured.
Under such facts, the Supreme Court of Minnesota having under consideration the provision quoted supra quotes and comments at length, with approval, of the holdings in Scott v. Willis, supra, and Howes v. Stark Bros. Nurseries Orchard Co., supra, and concludes "that the employee, Markoff, at the time of the accident was being `so transported.' Such transportation was not complete. The accident arose out of and in the course of the employment and the injury sustained was compensable."
The parallel of these cases with the one at bar can easily be seen. If anything, they are weaker than ours. In the Scott and Markoff cases, supra, the injured employees had taken two or three steps in their attempt to go across the highway after having alighted from their respective conveyances, while, in our case, Mr. Cole was struck and killed immediately upon alighting from the truck.
Counsel for defendant cites and quotes extensively from the case of State Hwy. Comm. v. Saylor, 252 Ky. 743, 68 S.W.2d 26, a Kentucky case, which seems to present a case of similar facts as ours and a decision somewhat in conflict with the other cases cited in this opinion. In that case, it appears that the employee was transported from his work in a truck belonging to the employer, when, at his instance, he was deposited safely from said truck upon the right hand side of the road at a point designated by him and nearly opposite his home; that after being so deposited and the truck had travelled some 200 feet he was struck by an automobile while attempting to cross the highway. The basis of the decision in this case seems to be that the employee had alighted in a place of safety and the contract of transportation and the relationship of master and servant had come to an end. From this case, it is rather difficult to escape the conclusion that the employer owes the duty to the employee of affording a reasonably safe place in which to alight.
The stopping of the defendant's truck, in our case, by its foreman, at a place chosen by him and not by the employees, in the center of a block, behind parked cars, at about the center line, in an unsafe place, created an extra danger or hazard to the deceased and his fellow employees, which extra hazard resulted from the transportation which had not ended at the time of the accident.
For these reasons assigned, the judgment is affirmed.