### VELEZ v. POVIA BROS. FARMS.

Industrial Commission.

December 8, 1952.

Rafael A. Rivera-Cruz, Miami, for claimant.

Samuel R. Dighton, Orlando, for employer and insurance carrier.

JAMES R. KNOTT, Deputy Commissioner.

Antonio Velez was employed by Povia Bros. Farms in Lee County at an average weekly wage of $40. He and several of his fellow employees lived in a neighborhood west of Fort Myers known as Whiskey Creek, where the employer's truck picked them up each morning and took them to the site of their day's work. No particular assembly point for the workers was designated; the truck stopped and picked them up as the driver saw them. The claimant lived on the east side of the highway passing through the neighborhood. At about 6:50 A.M. on January 30, 1952 the employer's truck, in accordance with custom, stopped to pick up the claimant, and parked on the shoulder of the road, off the west side thereof. As the claimant crossed the highway to board the truck, he was struck by another truck belonging to a third party, and received severe and disabling injuries.

Velez claims the benefits of the workmen's compensation act, contending that his crossing the highway should properly be considered an incident of the transportation provided by the employer. The insurance carrier for the latter denies liability on the ground that claimant's injury did not arise out of and in the course of his employment.

The carrier has aptly stated the question involved as follows—Did the act of the claimant in crossing the public highway, under

all the facts and circumstances of the case, for the purpose of boarding the employer's truck furnished as free transportation to go to work, constitute an incident to such transportation, thus entitling him to compensation to the same extent as if he were injured while actually boarding, riding on, or alighting from the truck?

As a general rule, injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. Sweat v. Allen (Fla.), 200 So. 348. This rule has several exceptions, one being where the employer furnishes transportation to the employee. The authorities recognize a pedestrian crossing of a street or highway as incident to such transportation where the employer stops his truck on the highway or street proper for the purpose of permitting the employee to embark, Markoff v. Emeralite Products Co. (Minn.), 252 N. W. 439, Cole v. U. S. Fidelity & Guaranty Co. (La.), 6 So. 2d 192; where the employer invites the employee to cross the highway by stopping his truck opposite the employee, Flanagan v. Webster (Conn.), 142 A. 201; where the employee is injured while waiting for the transportation at a place designated by the employer, Reeves v. Liberty Mutual Ins. Co. (D.C.Tex.), 50 Fed. Supp. 772, George Radermacker v. St. Paul City Ry. Co. (Minn.), 8 N. W. 2d 466; where the injury occurs while the employee is crossing the highway to a bus waiting for him and other employees, Howes v. Stark Bros. Nurseries & Orchards Co. (St. Louis Ct. of App.), 22 S. W. 2d 839; or there is an agreement between the employer and employee providing for the transportation, Scott v. Willis (Va.), 142 S. E. 400, Ward v. Cardillo (C.C.A.), 135 Fed. 2d 260, Sihler v. Lincoln-Alliance Bank & Trust Co. (N. Y.), 19 N. E. 2d 1008.

Counsel for the insurance carrier, in his able brief, insists that the facts in the present case do not fall within any of the recognized exceptions to the general rule, as summarized above. A careful consideration of the question, however, leads to the conclusion that the present claim falls within the general theory of the cases cited above, and that as a matter of law, the crossing of the highway by the claimant was an incident of the transportation provided by the employer, so that his injuries were compensable as arising out of and in the course of his employment. The claimant is therefore entitled to the benefits claimed.

Upon consideration, it is hereby ordered as follows—

1. The insurance carrier shall pay to the claimant compensation at the rate of $24 per week for the period of his temporary total

disability on account of said injury, less the 4-day waiting period provided by law.

2. The carrier shall pay the expense of claimant's treatment by Dr. Baker Whisnant in the amount of $400, and the expense of such other or further treatment as may have been necessitated by his injury, together with the expense of hospitalization due to the injury.

3. The carrier shall pay to Rafael A. Rivera-Cruz, Esq., the sum of $400 for his legal services in behalf of the claimant.

4. The carrier shall pay the compensation provided by law for permanent partial disability, if any, occasioned by the claimant's said injury.

5. The costs of this proceeding are taxed against the carrier.