422 So.2d 570 (1982)
Wynelle H. CLINTON, Plaintiff-Appellant,
v.
AMERICAN MUTUAL LIABILITY INSURANCE CO., et al., Defendants-Appellees.
No. 82-199.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*571 Antoon, Dalrymple & Beck, Robert L. Beck, Jr., Alexandria, for plaintiff-appellant.
Stafford, Stewart & Potter, Russell L. Potter, Alexandria, for defendants-appellees.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
This is a workmen's compensation suit. The plaintiff-appellant, Wynell H. Clinton, seeks benefits based on the death of her husband, Kenneth Clinton, from the defendants-appellees, American Mutual Liability Insurance Company, et al. The sole issue is whether Kenneth Clinton's fatal accident and injuries were caused by or occurred within the course and scope of his employment.
Mr. Clinton was employed by John Wilmore, d/b/a Jackson and MacArthur Mobile Station in Alexandria, Louisiana. Mr. Clinton had worked for his employer from 1:00 o'clock p.m. on December 25, until 7:00 o'clock a.m. on December 26, 1980. Mr. Clinton's duties with the self-service station involved operating the cash register and stocking the shelves with candy and snack food. In other words, little or no strenuous labor was required, although Mr. Clinton was kept quite busy inasmuch as the station was one of the few in the area open on the holiday.
At 7:00 o'clock a.m. on December 26, Mike Wilmore came on duty and relieved Clinton. Mr. Clinton left the gas station at approximately 8:00 o'clock and proceeded to Timmy Hoyt's Truck Stop. He remained at the truck stop for approximately thirty minutes and then proceeded toward his home at 6647 Fifth Street, Alexandria, Louisiana. Mr. Clinton was found dead behind the wheel of his automobile which had impacted with a culvert beside the roadway of England Drive. No skid marks were observed. Mr. Clinton was found approximately twenty minutes after he left the truck stop.
Employees seeking workmen's compensation benefits must prove by a preponderance of the evidence that an accident occurred within the course and scope of his employment. Adams v. New Orleans Public Service, Inc., 418 So.2d 485 (La.1982); Cadiere v. West Gibson Products, Inc., 364 So.2d 998 (La.1978).
The plaintiff-appellant alleged that the cause of Mr. Clinton's accident was his long work hours on the previous night, and that this long work shift caused an incapacitating medical catastrophe or so exhausted Mr. Clinton that he fell asleep at the wheel. However, the trial court found no evidence establishing this theory. There were no witnesses to the accident and no testimony as to what actually occurred.
*572 Dr. E. Hunt Scheuerman, Rapides Parish Coroner, testified that the cause of Mr. Clinton's death was cardiopulmonary arrest caused by a severe closed head injury, an injury which was probably received when the car struck the culvert. Thus the court found that Mr. Clinton died solely as a result of the injuries he received in the car accident which was totally unrelated to his employment. The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. Cadiere v. West Gibson Products Co., Inc., supra.
The trial court also found that Mr. Clinton was not within the course and scope of his employment at the time of the accident. Generally, an accident that befalls an employee who is going to or returning from work does not fall within the course and scope of his employment. Castille v. Sibille, 342 So.2d 279 (La.App. 3rd Cir.1977). The facts show that Mr. Clinton left work, stopped for coffee at Hoyt's Truck Stop, and then was proceeding home when the accident occurred. Clearly, the accident occurred in a time period so far removed from his employment that his death did not occur within the course and scope of his employment with the defendant-appellee.
For the reasons assigned the judgment appealed is affirmed at appellant's cost.
AFFIRMED.