JjPICKETT, Judge.

FACTS

Anthony Robert, Jr., was employed by Eddie Lecompte as a bricklayer’s helper. Lecompte provided transportation to and from job sites to Robert on a daily basis, since he did not have his own transportation. Robert met Lecompte at one of two places (parking lots of a convenience store or a diner) every day. Robert was not paid for the travel to and from work, and did not get paid on days he did not work. Lecompte dropped Robert off every day after work at the same place he picked him up.
On February 10, 1999, Lecompte instructed Joseph Zachary, another employee, to take Robert and two other employees, Rodney Palmer and Greg Hardy, home at the end of the day. Zachary *1201 drove a truck owned by Lecompte. Before dropping any of the three men off, Zachary stopped at a store and bought each of the men a beer. They then proceeded to drop Robert off first. Instead of one of the two usual drop-off points, Robert asked Zachary to drop him off at a trailer park further down the road. Robert testified he planned to wait for his ride at a Mend’s trailer, but Palmer testified that Robert told him he was going to buy marijuana. When they reached the .trailer park, instead of pulling into the driveway, either Robert or Palmer said to stop in the center turn lane. Robert got out of the truck and walked around the back of the truck. As he was crossing the road, he was hit by a vehicle. He suffered a severely broken leg. As a result, he could not work for eight months. (He went to prison for a probation violation after eight months, so he is ineligible for benefits beyond that point.)
| ¡.Robert filed a tort suit in district court against the driver of the vehicle that hit him, the driver’s insurer, Zachary, Le-compte, and Lecompte’s liability insurer, State Farm. As a defense, Zachary, Le-compte, and State Farm claimed that the accident occurred in the course and scope of Robert’s employment, and that workers’ compensation was his exclusive remedy. Robert then filed this workers’ compensation claim.
Following a trial on February 25, 2002, the WCJ ruled that Robert failed to prove the accident occurred in the course and scope of his employment and dismissed the claim with prejudice. He also refused to award penalties and attorney fees. He denied Leeompte’s claim that Robert had violated La.R.S. 23:1208. This appeal followed.

ASSIGNMENTS OF ERROR

The plaintiff alleges three assignments of error:
1. The workers’ compensation judge ruling that Robert failed to prove that he was injured in the course and scope of his employment or arising out of his employment.
2. The workers’ compensation judge erred by not finding that Eddie Le-compte made a judicial admission in a separate tort suit that the accident occurred in the course and scope of his employment.
3. The workers’ compensation judge erred in failing to award penalties and attorneys’ fees for the arbitrary and capricious refusal to pay benefits.

DISCUSSION

The worker’s compensation judge found the appellant failed to prove he was acting in the course and scope of his employment when injured.
|sAn employee seeking workers’ compensation benefits must prove by a preponderance of the evidence that an accident occurred within the course and scope of his employment. Clinton v. American Mut. Liab. Ins. Co., 422 So.2d 570 (La.App. 3 Cir.1982).
Generally, an employee who has an accident while traveling to and from work is not in the course and scope of employment and, thus, is not entitled to workers’ compensation benefits. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975); Dupre v. Exxon Pipeline Co., 93-1528 (La.App. 3 Cir. 6/1/94); 638 So.2d 1118, writ denied, 94-2200 (La.11/18/94); 646 So.2d 379.
There are, however, exceptions to this general rule. Our jurisprudence has outlined three exceptions to this general rule “if (1) the employer provides the transportation the employee uses to go to and from work; (2) the employer provides expenses or wages for the time spent traveling in *1202 the vehicle; or (3) if the operation of the motor vehicle is incidental to or is actually the performance of some employment responsibility.” Vaughan v. Hair, 94-86, p. 4 (La.App 3 Cir. 10/5/94); 645 So.2d 1177, 1180, writ denied, 95-0123 (La.3/10/95) 650 So.2d 1186.
In the instant case it is undisputed the employer provided transportation to and from work for the appellant. Robert was employed by Lecompte who provided transportation to and from work for him everyday, not just the day of the accident. As Robert had no other transportation, Lecompte provided it so as to facilitate his employment. Robert was transported to and from work in a vehicle owned by the employer and being driven by another employee at the employer’s direct instructions as transportation home from work on the day of the accident.
| ¿Robert was typically picked up and dropped off at one of two locations, parking lots of a convenience store and diner. On the day of the accident, however, he requested to be dropped off at a trailer park a few blocks past this usual drop-off spot. The appellee argues that if it had any duty at all, it ended when the employer’s truck passed the usual drop-off spot and proceeded to the trailer park. We disagree.
The appellant cites Cole v. U.S. Fidelity & Guaranty Co., 6 So.2d 192 (La.App. 1 Cir.1942) as standing for the proposition that the transportation of an employee from work place to home is not complete until the employee has reached a point that exempts him from the risks incident to that particular journey. We agree with the court’s reasoning in Cole and find it applicable to the case before us.
The facts of the instant case fall squarely inside an exception to the general rule that employees traveling to and from work are not in the course and scope of their employment since, in fact, the employer provided transportation to and from work for Robert. We do not find that his being dropped off at a different location, a few blocks from his usual drop off location to be of significance under the facts of this case. We adopt the court’s rationale in Cole and find the appellant had not reached a point that exempted him from the risks incident to his transportation from work by his employer. Accordingly, we reverse the judgment of the workers’ compensation judge and find the employee was acting in the course and scope of his employment at the time of the accident.
Because we find the appellant carried his burden of proof on the issue of whether he was in the course and scope of his employment, it is not necessary for us to address the issue regarding whether the allegations by appellee in the previous tort suit act as a judicial confession in this matter.
|,sWe affirm the workers’ compensation judge’s ruling on the issue of penalties and attorney fees as we find this claim was reasonably controverted and the appellant is not entitled to the sanctions requested.

DECREE

For the reasons set out in this opinion, the judgment of the workers’ compensation judge finding Anthony Robert, Jr., was not in the course and scope of his employment at the time of the accident is reversed. In all other respects, the judgment is affirmed and the case is remanded to the Office of Workers’ Compensation for a determination of the benefits owed.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.