WHIPPLE, J.
ROn November 7, 1996, claimant, David Martin, was employed by defendant, Pride Offshore Company, Inc. (“Pride”), as a roustabout on a fixed platform rig when he was injured in a single-car accident in Mississippi. At the conclusion of claimant’s regularly scheduled seven-day “hitch,” he was flown via helicopter from the rig to a parking lot in Venice, Louisiana, where his personal vehicle was parked. Approximately two to three hours and 132 miles from Venice, while traveling on Interstate 10 in Mississippi en route to his home in Alabama, claimant fell asleep at the wheel, ran off of the road, and suffered severe injuries. Claimant *807 contended that in the week prior to the accident, he had worked approximately 123 hours and, thus, was overcome with exhaustion.
On September 23, 1998, claimant filed a disputed claim for workers’ compensation benefits. However, the suit was stayed pending resolution of a suit claimant filed against Pride Offshore with the U.S. Department of Labor under the Longshore and Harbor Workers’ Compensation Act and a general maritime tort suit claimant filed against Pride in the Civil District Court of the Parish of Orleans, which was subsequently removed to the U.S. Eastern District Court. The stay was lifted once it was judicially determined that jurisdiction did not exist under the Longshore and Harbor Workers’ Compensation Act and claimant’s federal tort action pending in the U.S. Eastern District Court was dismissed on summary judgment.
After the stay was lifted, Pride filed a peremptory exception of res judicata and motion for summary judgment, contending that claimant’s accident did not occur within the course and scope of his employment. The matter was heard before the workers’ compensation judge (WCJ) on March 7, 2005. At the hearing, Pride requested that the peremptory exception raising |3the objection of res judicata be passed on that date, reserving the right to raise it at a later date, and the parties proceeded with argument on the motion for summary judgment. At the conclusion of the hearing, the WCJ took the matter under advisement and subsequently rendered judgment on April 21, 2005, granting the motion for summary judgment and dismissing claimant’s disputed claim for compensation with prejudice.
Pursuant to claimant’s request, the WCJ issued written reasons for judgment, concluding that Pride carried its burden of proving that no genuine issue of material fact remained in dispute; that under the undisputed facts, claimant was outside the course and scope of his employment at the time of the accident; and that claimant failed to produce any evidence to suggest otherwise. The WCJ further rejected claimant’s argument that working long hours constitutes an “accident” under LSA-R.S. 23:1201(1) and that fatigue is an “injury” as defined in LSA-R.S. 23:1021(8)(a).
From this judgment, claimant appeals, contending the WCJ erred in granting summary judgment. Pride filed an answer to the appeal, contending that claimant’s appeal has no basis in law or fact and that claimant should accordingly be ordered to pay all costs incurred by Pride in the trial court and appellate court.
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Gas-pard v. Graves, 2005-1042 (La.App. 1st Cir.3/29/06), 934 So.2d 158, 160, writs denied, 2006-0882, 2006-0958 (La.6/16/06), 909 So.2d 1286, 1289. Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of ^material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in the light of the substantive law applicable to the case. Davis v. Specialty Diving, Inc., 98-0458, 98-0459 (La.App. 1st Cir.4/01/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/08/99), 750 So.2d 972.
On a motion for summary judgment, the initial burden of proof remains with the *808 mover. If, however, the moving party will not bear the burden of proof at trial on the matter before the court on the motion, the moving party must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment must be granted. LSA-C.C.P. art. 966(C)(2); Boland v. West Feliciana Parish Police Jury, 2003-1297 (La.App. 1st Cir.6/25/04), 878 So.2d 808, 813, writ denied, 2004-2286 (La.11/24/04), 888 So.2d 231.
An employee who sustains a personal injury by accident arising out of and in the course and scope of his employment is entitled to collect benefits from his employer under the Workers’ Compensation Act. LSA-R.S. 23:1031(A). Thus, as a threshold requirement, a workers’ compensation claimant bears the initial burden of establishing by a preponderance of the evidence personal injury by accident arising out of and in the course and scope of his employment. Arabie Brothers Trucking Company v. Gautreaux, 2003-0120 (La.App. 1st Cir.8/04/04), 880 So.2d 932, 936, writ denied, 2004-2481 (La.12/10/04), 888 So.2d 846.
| sThe requirement that an employee’s injury occur “in the course of’ employment focuses on the time and place relationship ’ between the injury and the employment. McLin v. Industrial Specialty Contractors, 2002-1539 (La.7/02/03), 851 So.2d 1135, 1139-1140. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer’s premises or at other places where employment activities take the employee. McLin, 851 So.2d at 1140. The requirement that an employee’s injury “arise out of’ the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment. McLin, 851 So.2d at 1140. An injury arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Arabie Brothers Trucking Company, 880 So.2d at 936.
The terms “arising out of’ and “in the course of’ found in LSA-R.S. 23:1031 are dual requirements that cannot be considered in isolation from each other. Guil-lory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152, 1154. In a close case, a strong showing made with reference to one requirement may compensate for a weak showing with reference to the other requirement. Guillory, 653 So.2d at 1154. However, when there is a weak showing with respect to both requirements, the employee is not entitled to compensation benefits. Lewis v. Houma Industries, 2001-0641 (La.App. 1st Cir.5/10/02), 818 So.2d 956, 958.
Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment, and thus, are not compensable under the Workers’ Compensation Act. McLin, 851 So.2d at 1140. This rule, often called the | fi“going-and-coming rule,” is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. McLin, 851 So.2d at 1140. Furthermore, an employee’s place of residence is a personal decision not directly controlled by the employer, and treating commuting time as *809 part of the determination of course and scope of employment would remove manageable boundaries from the determination. Orgerpn ex reí Orgeron v. McDonald, 93-1353 (La.7/05/94), 639 So.2d 224, 227.
The underlying facts are undisputed. As established in the record, the accident at issue herein did not occur during working hours, but occurred when claimant was traveling to his home in another state. At the time of the accident, claimant was operating his own personal vehicle, was not reimbursed for mileage, and was not paid for his travel time to work and home and vice versa. At the relevant time, claimant was not under the control of Pride but was approximately two to three hours and 130 miles away from the parking lot where he had entered his vehicle after being flown in from the rig at the end of his regularly scheduled “hitch.” Pride did not have control or direction over the route that claimant chose to take to his home, and claimant was not pursuing an errand for Pride, nor was he traveling in the interest of Pride’s business.
After a thorough review of the record and relevant jurisprudence, we find that the trial court’s reasons for judgment, which we adopt and have attached hereto as “Exhibit A,” thoroughly and adequately explain the decision. Further, the record demonstrates that Pride was entitled to judgment dismissing claimant’s claims against it as a matter of law. We reject claimant’s argument that, although he was not in the course and scope of his employment at the time, because his fatigue was sustained on his employer’s |7premises during working hours, the “risk” of his accident “arose from his employment,” and that the strength of this showing should overcome the total lack of any “course-of-employment” showing by him. Instead, we agree with the WCJ that the risk of falling asleep at the wheel of a car and driving off of the roadway after a work “hitch” ended is not incidental to claimant’s employment, and that the factual situation presented herein does not fit within the any of the jurisprudentially-established exceptions to the “coming-and-going rule.” See Arabie Brothers Trucking Company, 880 So.2d at 936 and McLin, 851 So.2d at 1140-1141, n. 1 (where the Supreme Court set forth the various exceptions to the “coming-and-going rule” as established in the jurisprudence). Thus, in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.1B, the April 21, 2005 judgment of the WCJ dismissing claimant’s disputed claim for workers’ compensation benefits with prejudice is affirmed.
In its answer to appeal, Pride argues that claimant should be ordered to pay the costs incurred by Pride in the trial court and on appeal. The answer to appeal is granted in part insofar as Pride is seeking that claimant be assessed with the costs of this appeal. However, it is denied in all other respects. Costs of this appeal are assessed against claimant, David Martin.
JUDGMENT AFFIRMED; ANSWER TO APPEAL GRANTED IN PART AND DENIED IN PART.
EXHIBIT A
DAVID MARTIN
VERSUS
PRIDE OFFSHORE COMPANY, INC. AND NORTH RIVER INSURANCE COMPANY
DOCKET NUMBER 98-06384
OFFICE OF WORKERS’ COMPENSATION
DISTRICT 9, HOUMA
STATE OF LOUISIANA
*810 WRITTEN REASONS FOR JUDGMENT
I. STATEMENT OF THE CLAIM
A. FACTUAL BACKGROUND
The claimant, David Martin (hereinafter referred to as “Martin”) was an employee of Pride Offshore, Inc. (hereinafter referred to as “Pride”) doing work as a roustabout from September 5, 1996 until November 7, 1996. After working the last seven days on a fixed platform rig, located on the Outer Continental Shelf, Martin and other members of the crew were transported via helicopter from the Pride rig to a parking lot near Venice, Louisiana where Martin’s personal vehicle had been parked. As the hitch ended, the entire crew was replaced by another crew. Martin was not scheduled to return to work for Pride until the start of his next regularly scheduled hitch. Martin left Venice, Louisiana at approximately 11 a.m. driving his personal car. Martin never received reimbursement for mileage due to use of his personal vehicle, nor was he provided with a company vehicle. Following his departure from Venice, Louisiana to his hometown of Opp, Alabama, on the same day, after approximately two hours and forty minutes of driving and nearly 132 miles from the parking lot, Martin was involved in a single car accident on Interstate 10, in the state of Mississippi. Martin is now seeking Worker’s Compensation benefits for the injuries he sustained as a result of the car accident. Pride contends Martin is not entitled to worker’s compensation benefits, and that Martin’s claim should be dismissed with prejudice at his costs pursuant to Pride’s Motion for Summary Judgment.
B. PROCEDURAL HISTORY
This case has a long procedural history. On November 4,1997, David Martin filed a lawsuit against Pride Offshore Inc. and Freeport-McMoran in the Civil District Court of the Parish of New Orleans. He alleged that his employer was negligent in permitting him to work excessive hours that lead him to exhaustion. He asserted claims under the Jones Act, the General Maritime Law and applicable state law. On December 4, 1997, Pride and Freeport removed the case to the Eastern District of Louisiana. The Federal Court later granted Pride’s Motion for Summary Judgment, resulting in a dismissal of all claims asserted in federal court against Pride. | ^Meanwhile, on February 9, 1998, Martin filed a claim against Pride with the United States Department of Labor seeking compensation under the Longshore and Harbor Worker’s Compensation Act, which also ultimately failed. While this claim was pending, on October 11, 1999 Martin filed another tort lawsuit in the Thirty-Second Judicial District Court for the Parish of Terrebonne alleging negligence in requiring and/or permitting him to work excessive hours that lead him to exhaustion. On November 4, 1999 the claim was removed to federal court on the basis of diversity and federal jurisdiction. On September 30, 2002 the district court entered an Order and Reasons holding that Pride did not owe any duty to Martin to prevent him from driving home in an alleged exhausted condition. The Court also reasoned, as to the background of the case, that Martin was not in the course and scope of his employment at the time of this accident. The Federal Fifth Circuit affirmed the order on appeal.
On or about September 18, 1998, Martin filed a 1008 seeking benefits under the Workers’ Compensation Statute and alleged that; “Employee fell asleep while driving home during the course and scope of his employment. Employee was receiving reimbursement for mileage during this *811 time.” Further, Martin alleged that his injury was a “traumatic brain injury”, and marked no wage benefits have been paid and no medical treatment has been authorized on his claim form. On November 4, 1998, Martin filed an amended 1008 substituting the name of the insurance company North River Insurance Company (hereinafter referred to as North River) with all other allegations remaining the same. Pride and .North River answered the suit and in response to the allegations of Martin, Pride submitted a Motion for Summary Judgment based upon the contention that the accident alleged by Martin did not occur in the course and scope of his employment. In Martin’s Memorandum in Opposition to Pride’s motion, Martin alleged a separate accident and injury than was originally asserted in his 1008. Specifically, Martin alleged that the “accident” was his working long hours on the rig and his “injury” was fatigue.
This matter came before the Court on March 7, 2005 for a hearing on Pride’s Motion for Summary Judgment. At that time, Pride contended that the accident and subsequent injury did not arise out of Martin’s employment and that the car accident in which Martin was involved did not occur in the course and scope of employment. Martin’s attorney contented that Martin suffered an accident with injury by Pride requiring him to work long hours on the rig which resulted in his fatigue. Further, Pride responded to the new allegations of accident and injury by pointing out the new allegations do not constitute an “accident” or “injury” as contemplated by statute or case law.
The Court requested that the parties submit Post-Hearing Briefs on or before March 21, 2005 in order for it to determine if the accident and injury alleged by Martin in his 1008 did or did not occur in the course and scope of his employment and that there is no genuine issue of material fact in dispute in that regard.
II. FINDINGS OF FACT
1. David Martin was employed by Pride Offshore, Inc. on a fixed platform rig located on the Outer Continental Shelf.
|s2. On November 7, 1996, David Martin was transported via helicopter from the oil rig to a parking lot near Venice, Louisiana where his personal vehicle was parked.
3. At the time David Martin left the parking lot in his personal vehicle, he was not under the control of his employer, nor was his employer paying him, and nor was he carrying out any mission of his employer. (See Exhibit D-B — Testimony of Alex Barker.)
4. David Martin was not reimbursed for mileage by Pride Offshore, Inc. (See Exhibit D-B — Testimony of Alex Barker.)
5. David Martin was not provided with a company vehicle for his personal use. (See Exhibit D-B — Testimony of Alex Barker.)
6. David Martin was involved in a single car accident in the State of Mississippi, over 130 miles from his last point of contact with his employer. (See Exhibit D-A — Mississippi Accident Report.)
7. David Martin filed a 1008 on September 18,1998 alleging, “Employee fell asleep while driving home during the course and scope of his employment. Employee was receiving reimbursement for mileage during this time.”
8. David Martin’s allegation that his “accident” was working long hours and his “injury” was fatigue are not *812 part of his original 1008, but appeared for the first time in Martin’s Memorandum in Opposition to the pending Motion for Summary Judgment and was subsequently argued at the hearing.
III. CONCLUSIONS OF LAW
A. SUMMARY JUDGMENT DISCUSSION
Summary judgment is appropriate when it is evident that Martin is unable to meet his burden of proof at trial on a necessary element of his claim, or when all material facts not in dispute indicate that a party is entitled to judgment as a matter of law. La. CCP Art. 966.
The law with respect to motions for summary judgment changed significantly with the amendment of La. C.C.P. Art. 966 as part of the 1996 legislative tort reform package, which has been recognized in a number of Court decisions. See Cajun Concrete Services, Inc. v. Lemoine Co., Inc., 791 So.2d 709 (La.App. 1st Cir.2/16/01), writ denied, 2001-0746 (La.5/4/01) 791 So.2d 659. (“The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action.”) See also Marrogi v. Gerber, 2000-1091 (La.App. 4th Cir.5/16/01) 787 So.2d 1098, writ denied 2001-1768 (La.9/2S/01) 798 So.2d 120 (affirming summary judgment); Naquin v. Louisiana Power & Light Company, 98-2270 (La.App. 1st Cir.3/31/00), 768 So.2d 605, 607, writ denied, 2000-1741 (La.9/15/00), 769 So.2d 546; (affirming summary judgment)
4La. C.C.P. art. 966(C)(2) provides:
“... if the movant will not bear the burden of proof at trial on the matter that is before the Court on the Motion for Summary Judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the Court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.”
After the movant has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. Art. 966(C)(2); Smith v. General Motors Corp., 31-258 (La.App. 2nd Cir.12/9/98), 722 So.2d 348, 351. If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. Art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4th Cir.9/10/97), 699 So.2d 895, 897. When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. Art. 967; Townley v. City of Iowa, 97-493 (La.App. 3rd Cir.10/29/27), 702 So.2d 323, 326; Marrogi v. Gerber, 2000-1091 (La.App. 4th Cir.5/16/01) 787 So.2d 1098.
B. DISCUSSION_REGARDING WHETHER OR NOT MARTIN WAS WITHIN THE COURSE AND SCOPE OF EMPLOYMENT AT THE TIME OF ACCIDENT
Pride contends one theory which is that Martin’s injury is not compensable under *813 the Louisiana Worker’s Compensation Act because his accident did not “arise out of’ and did not occur “in the course and scope” of employment. Under the Workers’ Compensation Act, employers are responsible for compensation benefits to employees only when the injury results from an accident “arising out of and in the course of his employment.” McLin v. Industrial Specialty Contractors, Inc. 851 So.2d 1135, 2002-1539 (La.7/2/03), Rehearing Denied. The requirement that an employee’s injury occur “in the course of’ employment focuses on the time and place relationship between the injury and the employment. McLin v. Industrial Specialty Contractors, Inc. 851 So.2d 1135, 2002-1539 (La.7/2/03), Rehearing Denied. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer’s premises or at other places where employment activities take the employee. Id. citing Mundy v. Department of Health and Human Resources 593 So.2d 346 at 349 Rehearing Denied. The requirement that an employee’s injury “arise out of’ the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment. Id. citing Williams v. Regional Transit Authority 546 So.2d 150, at 161 Rehearing Denied.
In the present case none of these requirements are met. Martin’s injuries were the result of a car accident, which had nothing to do with his work. He was not reimbursed for travel, was | Bnot carrying out any mission for his employer and was over 130 miles from the last point of contact with his employer. (See accident report — attached as “Exhibit D-A”) Martin cannot meet his burden of proving either of the two cumulative requirements. ‘When there is a weak showing with respect to both requirements, the employee is not entitled to compensation benefits.” Arabie Bros. Trucking Co. v. Gautreaux 2004 WL 1737467 (La.App. 1 Cir.), 2003-0120 (La.App. 1 Cir. 8/4/04) citing Guillory v. Interstate Gas Station, 94-1767, p. 3 (La.3/30/95), 653 So.2d 1152, 1154; Lewis v. Houma Industries, 2001-0641, p. 3 (La/App. 1 Cir. 5/10/02), 818 So.2d 956, 957-958.
It is now well established by an extensive amount of case law that an employee who is traveling to and from work is not considered to be in the course and scope of his employment. “Generally, an employee who has an accident while traveling to and from work is not in the course and scope of employment and, thus, is not entitled to workers’ compensation benefits.” Robert v. Lecompte 829 So.2d 1200, 2002-569 (La.App. 3 Cir. 10/30/02) citing Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975) and Dupre v. Exxon Pipeline Co., 93-1528 (La.App. 3 Cir. 6/1/94); 638 So.2d 1118, writ denied, 94-2200 (La.11/18/94); 646 So.2d 379. See also W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise-Workers Compensation § 168 (4th ed.2002). The Louisiana Supreme Court explained that “this rule, often called the “going-and-coming rule,” is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work.” McLin v. Industrial Specialty Contractors, Inc. 851 So.2d 1135, 2002-1539 (La.7/2/03), Rehearing Denied citing Phipps v. Bruno Const., 00-0480 (La.App. 3 Cir. 11/2/00), 773 So.2d 826. Furthermore, an employee’s place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of *814 employment would remove manageable boundaries from the determination. Id. citing Orgeron on Behalf of Orgeron v. McDonald 93-1353 (La.7/5/94) 639 So.2d 224, 227.
In the present case, Martin had an accident while returning home after his hitch ended. While there are some specific instances when an accident while traveling to or from work might be considered in the course and scope of employment none of those exceptions apply in this case. In a recent decision McLin v. Industrial Specialty Contractors, Inc. 851 So.2d 1135, 2002-1539 (La.7/2/03), Rehearing Denied, the Louisiana Supreme Court held the following as exceptions that have been cited in the jurisprudence to the going-and-coming rule:
“(1) If the accident happened on the employer’s premises;
(2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer’s business or pursuant to his employer’s order;
(3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;
(4) If the employee was doing work for his employer under the circumstances where the employer’s consent could be fairly implied;
|fi(5) If the employee was hurt while traveling to and from one work site to another;
(6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee (the “threshold doctrine”); and
(7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.”
The accident was not near the employer’s premises. It occurred in another state, at nearly 130 miles from Martin’s last contact with Pride. Martin was not traveling in the interest of the employer’s business, was not pursuing a employer’s order and was not doing any work for his employer at the time at the accident. Furthermore, he was not traveling from one work site to another. In fact, he was off work and making a personal trip back to his home in Opp, Alabama.
According to the sworn testimony of Alex Barker, Pride’s Personnel Manager, once Martin was discharged at the dock, he was on his off time and was free to go anywhere. (See excerpt of trial testimony of Alex Barker, pp. 106-111 — attached as “Exhibit D-B”). Martin was using his personal vehicle and at no time was he ever provided with a company vehicle. Martin was not paid for his travel time, nor was he reimbursed for any of his mileage. Martin was fully responsible for his transportation. Since Martin’s accident does not qualify for any of these exceptions, Martin was not in the course and scope of employment at the time of the accident.
As a side note, this court points out that the United States District Court for the Eastern District of Louisiana expressly stated that “Martin was not in the course and scope of his employment at the time of this accident”. See Martin v. Pride Offshore, Inc., 2002 WL 31175215, *1 (E.D.La.9/30/02). Although this statement was not the specific holding of that case, it nevertheless represents the reasoning of the Court on the specific circumstances of the case. The Court proceeded to analyze the merits of a TORT case.
As this Court is well aware, by means of La. R.S. 23:1032, when applicable, worker’s *815 compensation benefits are the exclusive remedies of all other rights, remedies and claims for damages. Menson v. Taylor 764 So.2d 1079, 1999-0300 (La.App. 1 Cir. 4/17/00). “The remedies provided to an injured employee by the Louisiana Workers’ Compensation statute, La. R.S. 23:1032 displace all other rights and remedies against the injured employee’s employer or co-employees.” Bourque v. Nan Ya Plastics Corp., America 906 F.Supp. 348 M.D.La., 1995. Employers, therefore are exempt from general tort claims by employees. The Federal Court took the view that Mr. Martin’s accident occurred outside the course and scope of employment, otherwise it would not have proceeded to analyze the merits of the Tort claim. Should the Court have believed that the accident was in the course and scope of employment and thus covered by Louisiana Worker’s Compensation Laws, Martin’s claim under general tort liability would have been barred from the beginning.
This Court feels it is clear that Martin was not in the course and scope of his employment at the time of the accident. Therefore, Martin is not entitled to workers’ compensation benefits under Louisiana Worker’s Compensation Law. ‘Whenever showing with respect to requirements 17that injury arise out of and in course of the employment is relatively weak, a denial of compensation is indicated.” Lisonbee v. Chicago Mill and Lumber Company 278 So.2d 5, LA 1973.
C. DISCUSSION REGARDING “ACCIDENT” AND “INJURY” ALLEGED IN MARTIN’S MEMO IN OPPOSITION AND AT THE MOTION FOR SUMMARY JUDGMENT HEARING
A second theory asserted by Pride is that in Martin’s Memorandum in Opposition and the hearing on the Motion for Summary Judgment, Martin presented a new allegation. Though the defendant believes that such an allegation is beyond the scope of the pleadings and is not properly before the Court, the Court will proceed to analyze the new allegations of “accident” and “injury” advanced by Martin.
First, Martin contends that his “accident” is not the car accident in Mississippi (as was alleged in his 1008). Rather, he contends that his working long hours on the Outer Continental Shelf constitutes an “accident”. La. R.S. 23:1021(1) defines “accident” for the purposes of the Louisiana Workers Compensation Act. That statute states, “Accident means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with our without human fault, and directly producing at the time objective findings of an injury which more than simply a gradual deterioration or progressive degeneration.” Working long hours does not constitute an “accident” as defined by the Act. Working long hours by its very nature involves an event occurring over a period of time. As such, there is no single, identifiable, precipitous event. It does not occur suddenly or violently. Thus, the additional allegation or theory alleged by Martin regarding the “accident” is not an accident at all and is not compen-sable under the act.
Second, Martin has alleged that his actual “injury” is fatigue. La. R.S. 23:1021(8)(a) states, “Injury and personal injuries include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.” In the present case, fatigue is not an “injury” as contemplated by the Act. It does not result from *816 any physical violence to the body. Rather, fatigue occurs as the direct result of a full day’s work in the lives of most, if not all, workers in Louisiana. Accepting Martin’s theory would certainly lead to absurd consequences as virtually every worker in Louisiana would have a viable comp claim at the end of every day. La. R.S. 23:1021(8)(a) presents a nondiscretionary command in the last sentence. “These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.” (Emphasis added.)
At the hearing of this matter, Martin submitted evidence that he worked hard and that his fatigue may have contributed to his car accident; however, Martin has presented no evidence or argument thus far that explains how hard work and fatigue are “accidents” and “injuries” as defined by the Act.
|sIn fact, the Legislature did consider a few exceptions to the rule in regards to various types of stress. See La. R.S. 23:1021(8) wherein the Legislature states:
(b) Mental injury caused by mental stress.
“Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to the Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
(c) Mental injury caused by physical injury.
A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not com-pensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under either subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American psychiatric Association.”
This is not the case at hand but in looking at the definition it is clear to see that the legislature drafted a very narrow exception to the definition of injury and stress.
Also under La. R.S. 23:1021(8)(e), physical work stress is contemplated but only under the following narrow exception to the general rule. The work stress must be associated with a heart-related or perivas-cular injury.
(e) Heart-related or perivascular injuries.
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition was the predominant and major cause of the heart-related or perivascular injury, illness or death.
*817 |aHad the Legislature contemplated work stress to include a traditional injury, it would have worded the statute accordingly, Instead it carved out specific exceptions to the definition only in the areas of mental stress and heart related or perivas-cular injuries. The claim at hand does not fall under either of these exceptions.
Martin in trying to persuade the court that his injury falls under the Workers’ Compensation Statue cites the case of DeGruy v. Pala, Inc. 525 So.2d 1124 (La.App. 1st Cir.4/19/88) In DeGruy, the employee injured his back while working for a prior employer. After going to work for Pala, Inc., he aggravated his pre-existing condition while lifting valve covers at the plant site. DeGruy had a prior accident and then suffered a clearly definable second accident in the course and scope of his employment. The phrase quoted by Martin is lifted from a case with an entirely different set of facts and issues. As such, it is the contention of the Court that the language from the DeGruy case does not support the theory that one’s fatigue as the result of work may contribute to some event outside of the work environment where the employer has no control nor any direction of the acts of the employee and then result in a compensable workers compensation claim.
As a side note, the court suggests that if considering Martin’s argument of an “accident” and “injury” occurring as described above and occurring where it did, then the accident and injury occurred on the Outer Continental Shelf and is beyond the jurisdiction of this court as such an occurrence, occurs beyond the territorial waters of Louisiana.
CONCLUSION
For the foregoing reasons, this Court concludes that the defendant has carried its burden of proving that there is no genuine issue of material fact in dispute as to whether Martin was outside the course and scope of his employment at the time of the accident he alleged in his 1008. Further, Martin failed to present any evidence at the hearing of this matter to suggest otherwise. Working long hours does not constitute an “accident” under La. R.S. 28:1021(1). Further, fatigue is not an “injury” as defined by La. R.S. 23:1021(8)(a). As such, Martin has failed to present any evidence or argument to suggest otherwise. For these reasons, the Court grants Pride’s Motion for Summary Judgment and dismisses Martin’s claim with prejudice.
SIGNED this 16th day of June 2005, at Houma, Louisiana.
/s/Elizabeth C Lanier
Elizabeth Lanier, Judge
District 9
Office of Workers’ Compensation 8026 Main Street, Suite 404 Houma, Louisiana 70360