312 So.2d 293 (1975)
Robert STEPHENS et al.
v.
JUSTISS-MEARS OIL CO.
No. 55667.
Supreme Court of Louisiana.
April 24, 1975.
Rehearing Denied May 30, 1975.
William Henry Sanders, Jena, Wilson M. Montero, Jr., Martzell & Montero, New Orleans, for plaintiffs-applicants.
Howard B. Gist, Jr., Gist, Methvin & Trimble, Alexandria, for defendant-respondent.
DIXON, Justice.
This is a workmen's compensation case decided adversely to the plaintiffs on a motion for summary judgment, affirmed by the Court of Appeal. Stephens et al. v. Justiss-Mears Oil Co., 302 So.2d 717.
The only plaintiff remaining in this suit, Gary Malcomb, was the driller, or foreman, on one of Justiss-Mears' drilling rigs. The other three plaintiffs did not perfect an appeal from the trial judge's dismissal of the suit.
On January 26, 1973 the plaintiff met with his crew as arranged at an icehouse in Jena. From there they went together in the car of one of the crew to the drilling site. On this particular day the car they were riding in went out of control and struck a tree. Plaintiff was seriously injured and had not been able to return to work at the time his deposition was taken.
After the depositions of all of the parties involved and several officers of the company were taken, the defendant moved for summary judgment on the ground that "the said petitioners in this lawsuit were not in the course and scope of their employment with Justiss-Mears Oil Company *294 at the time of the accident in question, nor did the accident arise out of their employment. . ." The defendant attached ten depositions of the various parties to its motion to show that there was no dispute as to any issue of material fact.
The plaintiffs filed a memorandum opposing the summary judgment. In the memorandum the plaintiffs set out four contentions which asserted their right to receive compensation. As discussed below the contentions of the plaintiff do not raise any material issue of fact. The testimony of all of the witnesses deposed is identical on all of the key issues. Plaintiff's argument is not that the facts are in dispute, but that under the facts presented the plaintiff is entitled to workmen's compensation.
The plaintiff does not dispute the fact that the workers were not paid for their travel time, they were not reimbursed expenses for the use of their car, the company did not provide transportation to the drilling site, and that each worker could have driven his own vehicle to the drilling site each day if he so chose to do. The workers regularly met at an icehouse, filled a water can (water cans were provided by the company, but were the individual property of the crew members, who did not have to account to the company for the cans) with ice which the company paid for, and then got in the car of one of the crew members and drove to work. Each crew member took his turn driving to work. If for some reason a member could not drive on his assigned day the driller would drive that day, in addition to his regular day.
Malcomb, the driller, testified that it was part of his job to make sure that a full crew showed up at the well site on time. Mr. Nichols, the drilling superintendent for Justiss-Mears, testified that one of the duties of the driller was to make sure that an entire crew showed up at the rig on time. This was necessary because it was not possible to operate the rig with less than a full crew. The absence of one crew member would handicap the operation of the rig, and perhaps idle the rest of the crew.
Both lower courts properly cited the general rule that an employee is not considered to be in the course and scope of his employment while traveling to and from work. See: Malone, Louisiana Workmen's Compensation Law and Practice, § 171, page 199 and cases cited in footnote 24. There are several exceptions to this general rule. Plaintiff argues that these exceptions are applicable here. We do not reach this issue because the only plaintiff before this court, the driller Gary Malcomb, had already commenced the performance of his duties on the day in question and was performing one of his duties at the time of the accident. The company executive admitted in his deposition that it was the obligation of the driller to make sure that the crew arrived at the work site on time. The company apparently gave the driller broad discretion in determining exactly how he would fulfill this obligation. Nevertheless, it was an obligation which the company looked to the driller to perform. Gary Malcomb fulfilled this obligation by organizing a car pool and designating the time and place of gathering. Although the other members of the crew did not start work until they reached the drill site, Gary Malcomb started work when he arrived at the meeting place, counted the heads of his crew and gave the order to start out to the site.
The company argues that the car pooling arrangement was just for the convenience of the employees, and that the company did not really care or control how the employees got to work. Nevertheless, the driller was the only employee directly responsible for putting a full crew on the work site on time. Drillers are hired for their ability and experience in the business. One quality the company looks for in a driller is his ability to get a full crew to the drill site regularly and on time. The driller hired the crew members directly, *295 and, although on occasion a roughneck might be obtained through the company office, the driller usually hired and had authority to fire crew members. A driller who could not get a full crew to the well site each day on time would not be of much value to the company. Regular failure to meet this obligation would affect the driller's employment. Thus, although as to the other employees the car pool could be considered a matter of convenience, as to Malcomb it was a means of fulfilling an obligation of his employment.
The company also argues that the accident was not in the course and scope of the employment because Malcomb, like the other crew members, did not start earning pay (an hourly rate) until he arrived at the drill site and started work. This fact is undisputed, but cannot, under the facts of this case, be considered controlling. As noted above, this car pool was a system by which Malcomb fulfilled one of the obligations of his job as driller. The driller is the head of this crew and as such is placed in a position of responsibility. The fact that the driller is not punched in on the time clock while rendering these services does not make it any less an obligation of his employment. Professor Malone notes this fact in his treatise:
"An accident that happens while an employee is actively engaged in the performance of his duties during working hours will be regarded as having occurred in the course of his employment. It is immaterial that the work being done at the time of accident was not within the scope of the specific job for which he was hired, so long as it was being performed pursuant to the orders of his superior. Even if no order was given, it is enough that the special job was undertaken pursuant to custom in the establishment or was knowingly accepted without objection by those in authority.
"Likewise, if the employee was following orders or was performing his duties it is immaterial that the accident occurred at some place distant from the employer's premises. Furthermore, the employee is protected not only while he is actively at work, but likewise while he is going directly from one place of work to another, or returning to his employer's premises.
"Similarly, if the accident occurred before the beginning of working hours or after the close of the regular day's work, it nevertheless falls within the protection of the Act if the employee was acting pursuant to orders or was doing his employer's work under such circumstances that the latter's consent could be fairly implied." (§ 163, pages 175-176).
The fact that Malcomb was not being directly compensated for the time spent in arranging and controlling the car pool does not conclusively prove that it was not in the course and scope of his employment. He did this for the benefit of the employer and with the tacit, if not express, approval of the employer. On the basis of the evidence presented so far in this case, Malcomb was injured while in the course and scope of his employment.
For the foregoing reasons, the judgments of the trial court and the Court of Appeal are reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion. Adjudication of costs is to await final disposition of the case.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I agree that the courts below incorrectly concluded that there was no genuine issue as to material fact. This would require a denial of the motion for summary judgment and a trial on the merits. I disagree with the majority concluding prior to such a trial that, on the "basis of the evidence so far in the case, Malcomb was injured *296 while in the course and scope of his employment." In my view, resolution of this issue should be made by the trial judge only after all evidence has been presented at trial on the merits. Accordingly, I concur only in that portion of the decree reversing the trial court and the court of appeal and remanding the case to the trial court.