GUIDRY, Judge.
Plaintiff, Lillian Morace Jackson, individually and as Natural Tutrix of her minor children, filed this suit against the defendant, Justiss-Mears Oil Company, Inc. (hereafter referred to as Justiss-Mears), for workmen’s compensation survivor’s benefits based upon allegations that plaintiffs’ decedent, Oliver Ray Jackson, was killed within the course and scope of his employment with Justiss-Mears. The trial court dismissed plaintiffs’ suit on defendant’s motion for summary judgment. From this adverse judgment, plaintiffs appeal. We affirm.
In well-written reasons for judgment, the trial court found the following material facts, which our careful review of the record substantiate to be without dispute:
“The pertinent facts are not in dispute. Oliver Ray Jackson was employed by Jus-tiss-Mears Oil Company on June 30, 1979 as a roughneck in a drilling crew working in Franklin Parish, Louisiana. There were only four men in the crew. Le-beaux was driller and equivalent to foreman, Jackson, Smith and Hudnall were laborers of equivalent rank. After being relieved after a regular shift of work, Jackson, Smith and Hudnall left the rig together in Hudnall’s pickup truck. Hud-nall was driving and became involved in an accident in which Jackson was killed.

No policy, rule or plan of Justiss-Mears Oil Company or the driller required the three workmen to travel together. Hud-nall was not carrying any tools or equipment needed for the job and recieved (sic) no special compensation for the use of his private vehicle. There was no need for them to travel any particular route or any more work for them to do for the employer before returning for the next day’s employment.”

The trial court granted defendant’s motion for summary judgment concluding that under the recited facts Oliver Ray Jackson was killed outside the course and scope of his employment.
The issue on appeal is whether the trial court erred in this conclusion.
In Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975), the court expressed the general rule applicable to this situation:
"... an employee is not considered to be in the course and scope of his employment while traveling to and from work. See: Malone, Louisiana Workmen’s Compensation Law and Practice, § 171, page 199 and cases cited in footnote 24....”
Although there are several well recognized exceptions to the application of this general rule, we find none present in the instant case. Jackson was not furnished transportation as an incident of his employment and Justiss-Mears contributed nothing to its employees by way of reimbursement for travel expenses, gasoline, etc.[1] At the time of accident, the truck in which decedent was riding was hauling no tools, equipment or paraphernalia belonging to Justiss-Mears nor were the employees riding in such truck responsible for transportation of any such paraphernalia to or from the job site. Unlike Stephens v. Justiss-Mears Oil Co., supra, on which appellant relies, Jackson was not responsible for assembling the crew and/or assuring that the crew arrived at the job site at the proper time.
In sum, we conclude that the trial court did not err in granting summary judgment denying survivor’s benefits to plaintiffs. For these reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.

. The record reflects that all roughnecks employed by Justiss-Mears were paid, in addition to their hourly wage, $8.00 per diem. Appellants’ argue that this was paid to reimburse employees for travel expenses. The evidence is clearly to the contrary, reflecting that this $8.00 per diem was paid as a living expense to all roughnecks regardless of whether or not they traveled. Roughnecks, while working in Justiss-Mears’ yard in Jena, were, likewise, paid the $8.00 per diem and such sum did not vary for traveling employees regardless of the distance traveled. All roughnecks were paid this additional sum daily whether they were working in Justiss-Mears’ yard in Jena or on a drilling rig many miles away.