491 So.2d 183 (1986)
Fronie M. MITCHELL, Plaintiff-Appellant,
v.
PLEASANT HILL GENERAL HOSPITAL, INC., et al., Defendants-Appellees.
No. 85-28.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1986.
Writ Denied September 26, 1986.
Thomas, Unahoe and Gregory, Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Cook, Yancey, King & Galloway, Sidney E. Cook, Jr., Shreveport, for defendants-appellees.
Before DOMENGEAUX, J., and BABINEAUX[*] and TEEKELL[*], JJ., Pro Tem.
LLOYD G. TEEKELL, Judge Pro Tem.
This is a suit for worker's compensation benefits by plaintiff against her employer and its insurer, Maryland Casualty Company. She was employed by defendant Pleasant Hill General Hospital, Inc. as a practical nurse, and worked the 3:00 P.M. to 11:00 P.M. shift at defendant's hospital in Pleasant Hill, Louisiana. Plaintiff lived in Fisher, Louisiana, 28 miles from the place of her employment, and traveled to and from her work by private automobile. Plaintiff was paid a salary of $46.00 per day or $230.00 per week; additionally, she was paid $8.00 a day or $40.00 per week *184 travel allowance, and was furnished medical insurance by her employer at a cost or value of $75.00 per month.
On May 8, 1982, plaintiff was injured in an automobile accident while returning home from work.
The trial court found that plaintiff Fronie Mitchell was not in the course and scope of her employment at the time of her accident, and rendered judgment in favor of the defendants. Plaintiff has timely filed an appeal to the judgment rendered by the district court, alleging two assignments of error as follows:

ASSIGNMENT OF ERROR NO. 1
The trial court committed error of law by holding that an injured employee who is furnished transportation or who is paid a travel allowance in lieu thereof, is outside of the scope and course of employment duties if injured while traveling to and from work.

ASSIGNMENT OF ERROR NO. 2
The trial court committed error of law by holding that an employee who received injuries requiring (10) days hospital confinement and who incurred $2,000.00 of medical expenses for the treatment of those injuries was not entitled to compensation benefits to cover her loss.
We will address Assignment of Error No. 1:
In his brief counsel for plaintiff superbly traces the progression and development of the law in cases involving travel allowance, noting that the general rule established long ago that such injuries were not deemed to have arisen out of or in the scope of employment, but noting numerous citations of authority reflecting factual situations wherein exceptions to the general rule were made to such an extent that it could well be argued that the exceptions have now become the rule.
Louisiana Civil Law Treatise on worker's compensation, Malone and Johnson, Section 170, page 355; Landry v. Benson and Gold Chevrolet, 398 So.2d 1262 (La.App. 4th Cir., 1981); Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La. App. 2nd Cir., 1980); Gardner v. Industrial Indemnity Co., 212 So.2d 452 (La.App. 1st Cir., 1968).
Plaintiff's counsel argue that the cited authorities are such that either in themselves or a logical extension thereof would mandate or at least permit recovery for plaintiff in this case.
On the other hand, defendants' counsel cites abundant authority to the effect that merely because the employer interests himself in the transportation to and from work of an employee as an incident to the employment contract, that injuries sustained while traveling to and from work should not be construed to be in the course and scope of employment.
The evidence indicates that obtaining qualified nursing personnel in the small town of Pleasant Hill is difficult, and that the $8.00 per day travel allowance was evidently an incentive to attract qualified personnel.
Plaintiff Fronie Mitchell's testimony was to the effect that the purpose of the payment was to reimburse her for travel expenses, that if she did not have the money to buy the gas she could not go to work, and that she had to have a dependable vehicle to drive to and from work. Plaintiff also testified that she had an understanding that she was "on call" at times over and above her 3 to 11 shift at the hospital.
However, the evidence at the trial indicates that Mrs. Mitchell had been employed for a substantial period of time without receiving the $8.00 per day travel allowance, and that in fact she only learned about the possibility of the payments when she overheard another nurse discussing the payments and decided that she wanted "a dab of it".
Plaintiff's personal testimony tends to buttress her position that the $8.00 per day travel allowance was in lieu of the furnishing of transportation for her. However, the total facts of the case indicate that the $8.00 per day was more in the nature of an inducement to attract qualified personnel, *185 and was in reality a salary supplement. The amount paid was greatly insufficient to cover the actual costs of her transportation. 28 miles each way, or a total of 56 miles per day, at $8.00 per day would amount to 14.28 cents per mile, far less than what would be necessary to cover the costs of gasoline, maintenance, insurance, etc. Additionally, the evidence reflects that some of plaintiff's co-employees receive the same $8.00 per day travel allowance irrespective of the various distances they lived from the place of employment.
There was also a dirth of evidence to substantiate any claim on behalf of the plaintiff relative to her "understanding" that she may be "on call" after regular employment shifts.
The mere payments of travel expenses, without an expressed or implied agreement to furnish transportation, does not place the employee within the course and scope of his employment while traveling to and from work if such payments bear no relation to the actual travel expenses involved in the specific case, and are intended only as an inducement to attract qualified personnel at a particular job site.[1]
When viewed in its entirety we cannot say that the trial judge committed manifest error in not upholding plaintiff's position. Accordingly the judgment in favor of defendants-appellees is affirmed at appellant's costs.
AFFIRMED.
NOTES
[*] Judge Allen M. Babineaux of the Fifteenth Judicial District Court and Judge Lloyd G. Teekell of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] See La.R.S. 23:1021 et seq.; Laughlin v. City of Crowley, 411 So.2d 708 (La.App. 3rd Cir.1982); Peterson v. Williams, 175 So.2d 364 (La.App. 1965); Stevens v. Justiss-Mears Oil Co., 420 So.2d 1238 (La.App. 3rd Cir.1982); Landry v. Benson and Gold Chevrolet, 398 So.2d 1262, 1264 (La.App. 4th Cir.1981); Gardner v. Industrial Indemnity Company, 212 So.2d 452 (La. App. 1st Cir.1968); Cardillo v. Liberty Mutual Insurance Company, 330 U.S. 469, 67 S.Ct. 801, 91 Law Ed. 1028.