714 So.2d 150 (1998)
L.J. EARNEST CONSTRUCTION, Plaintiff-Appellee,
v.
Wilburn COX, Defendant-Appellant.
No. 30506-WCA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
W. James Singleton, Shreveport, for Defendant-Appellant.
Eskridge Elgin Smith, Jr., Bossier City, for Plaintiff-Appellee.
Before NORRIS, STEWART and GASKINS, JJ.
NORRIS, Judge.
The defendant, Wilburn Cox, appeals an order declaring that his vehicular accident was work-related and his claim subject to the provisions of the Workers Compensation Act. Finding no manifest error, we affirm.
Cox was employed as a laborer by the plaintiff, L.J. Earnest Construction Co., which is located in Shreveport. On March 28, 1996 he went from his home in Minden to Earnest's office; in brief, Cox claims he "hitched" a ride, but his supervisor testified that a co-worker actually picked up Cox and drove him to Shreveport in a company truck. Cox was assigned to a job site in Texarkana, Arkansas and rode there with a co-worker in a company truck, but on arrival they learned they could not work because it was raining. They therefore headed back to Minden to drop off Cox. En route, the truck was involved in a one-vehicle accident north of Springhill, Louisiana. Cox sustained cuts to his forehead and face, and strain in his neck, back and right shoulder.
In July 1996 Earnest filed a disputed claim for compensation, alleging that Cox refused to be examined by the orthopedist of Earnest's choice, as required by La. R.S. 23:1121, and requesting a suspension of comp benefits in accord with R.S. 23:1124. Cox answered and filed an exception of no cause of action, asserting that his injuries did not arise out of and in the course of his employment for Earnest. The Workers Compensation Judge ("WCJ") ultimately ruled that whether the accident was work-related required the submission of evidence; she rejected Cox's exception.
In March 1997 Earnest filed this petition for declaratory judgment in the pending comp case. Earnest specifically sought a hearing and a declaration whether Cox's injuries arose out of and in the course of his employment. A hearing was held on June 9, *151 at which Cox's supervisor, Mike Calendar, testified.
Calendar, the hot mix foreman, stated that Cox's normal practice was to be picked up around 5:00 a.m. at his Minden home by a co-worker, David Chapman, who drove an Earnest sign truck. The men would go to Texarkana to work from 7:00 a.m. to 3:00 p.m. or later. When Cox was hired, the employer did not promise him transportation as part of the job; however, during his 21/2-3 years of employment, Cox made a practice of riding a company truck to work (initially, Cox's stepfather was driving the truck). On normal work days the employer did not pay Cox for his travel time, but if the men arrived and could not work because of weather conditions, company policy was to pay them two hours' wages and send them home, regardless of travel distance and whether or not they used a company vehicle. The sign truck was equipped with a company radio which could locate the men, determine if they had problems, or transmit orders from one job to another. Calendar stated that it was normal for Earnest to call employees who were headed home, and direct them to another job. He acknowledged that on some occasions, employees met at Earnest's office in Shreveport and took a company vehicle to a job site; three-fourths of the time, Cox rode to job sites in a company truck.
The WCJ ruled orally that Cox was in the "course and scope of his employment" when the accident occurred.[1] She stated that the facts in this case differed from those in jurisprudence cited by the parties: Earnest provided Cox with transportation on a regular basis; the sign truck radio made employees available for recall to any and all jobs; for long-distance out of town jobs, Earnest had a purpose and an interest in providing that transportation. From the time of Cox's hiring, Earnest provided him transportation on a regular, frequent basis, not as a mere gratuitous courtesy or a single offer. She also noted the two hours' wages which employees received, even when no work was done, and not in reimbursement for actual expenses:
It is obvious that the employer wanted the employees to attend work on a regular basis, appear at the job site, and then have the decision to be made as to what amount of time, if any, would be worked. * * *
[I]t remains the same that the employer expended the money, the employer provided the transportation, and the employer had particular reasons for wanting the employees at these out of town sites; all of which makes this case different from those that have been previously cited.
As noted, the WCJ issued an order declaring the accident to be work-related and the injury subject to the workers comp act. The order is equivalent to a declaratory judgment and is final. La. C.C.P. art. 1871. Cox appeals.
An employer is liable for comp benefits if an employee receives personal injury by accident arising out of and in the course of his employment. La. R.S. 23:1031. Ordinarily, accidents which occur while the employee is traveling to or from work are not considered to have occurred during the course of employment. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975). However, this rule is subject to various nonexclusive exceptions recognized by the jurisprudence:
(1) If the accident happened on the employer's premises;
(2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order;
(3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing *152 transportation or reimbursing the employee for his travel expenses;
(4) If the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied;
(5) If the employee was hurt while traveling to and from one work site to another;
(6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee (the "threshold doctrine"); and
(7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.
Yates v. Naylor Indus. Services Inc., 569 So.2d 616 (La.App. 2 Cir.1990), writ denied 572 So.2d 92 (1991), and citations therein. Whether an exception applies is a factual question. Reed v. Arthur, 556 So.2d 937 (La.App. 3 Cir.1990), and citations therein.
Cox urges that the WCJ's decision is plainly wrong. He correctly shows that the record will not support certain of the exceptions: the accident did not occur on Earnest's premises; Cox was not injured in an area adjacent to his place of employment; and the operation of a motor vehicle was not the performance of his employment duties.
Cox further contends that a proper analysis of Calendar's testimony mandates a finding that Earnest did not "interest itself" in Cox's transportation as an incident to the employment either by contractually providing transportation or reimbursing Cox for such expenses. He argues that there was no agreement, express or implicit, to provide Cox's travel, and contends that Earnest's payment of two hours' wages had no relation to actual travel expenses and were nothing more than an inducement to persuade employees to come to the particular work site. Major Transports Ltd. v. Courville, 493 So.2d 109 (La.App. 3 Cir.), writ denied 497 So.2d 1014 (1986); Mitchell v. Pleasant Hill Gen'l Hosp., 491 So.2d 183 (La.App. 3 Cir.), writ denied 493 So.2d 1223 (1986). He also argues that he was not brought into the course of employment by the mere fact that the sign truck was equipped with a radio which might have called him to another work site. Thus he distinguishes Wilson v. City of Shreveport, 28,846 (La.App. 2 Cir. 11/1/96), 682 So.2d 882.
We have closely examined the cases cited by Cox and find, with the WCJ, that they are not really apposite to the instant case. In Major Transports, supra, the record preponderated to show that extra compensation paid to the injured employee was actually a per diem allowance for oil rig workers, not a travel allowance. In Mitchell, supra, the court found, without much discussion, that extra compensation paid to the injured employee was too small to bear any relation to the actual cost of commuting, and was thus merely an "inducement to attract qualified personnel." By contrast, Cox normally rode the considerable distance from his home to the work site in a company vehicle, and received two hours' pay even if weather conditions precluded working.
The provision of transportation in this case is more akin to the situation in Keith v. Gelco, 30,022 (La.App.2 Cir. 12/10/97), 705 So.2d 244. There the plaintiffs were injured (one of them was killed) while returning home from a work site in a vehicle owned by their employer and driven by their supervisor. The plaintiffs sought tort damages, but the employer sought a summary judgment holding that the accident was work-related. The District Court granted the judgment, and this court affirmed, finding that under the circumstances the "method of transportation of the crew occurred on a regular basis." We further found that the customary transportation arrangement supported the finding that it was an incident to the employment agreement.
In the instant case, the record supports a similar conclusion. Calendar testified that Cox had normally received transportation from the employer; this appears to be as regular as the situation in Keith v. Gelco, supra. Although he no longer lived with his stepfather, Cox's travel arrangement did not change. The WCJ could fairly interpret the arrangement as an incident of employment. Reed v. Arthur, supra.
*153 Calendar also testified that because of the radio in the sign truck, he "regularly" called workers to another job site after they had left the Texarkana project. Although Cox urges this factor is not as compelling as with the off-duty police sergeant in Wilson v. City of Shreveport, supra, the record supports the finding that Cox was subject to Earnest's direction and control after leaving the work site.
For these reasons we conclude the WCJ was not plainly wrong to find that Cox's accident, though occurring on the way home from work, was sufficiently connected to the employment that it arose out of and in the course of the employment. R.S. 23:1031. The order declaring Cox's injuries to be work-related is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] The proper standard is actually personal injury by accident "arising out of and in the course of his employment[.]" La. R.S. 23:1031 A. The tort concept of "course and scope of employment," which imposes vicarious liability under La. C.C. 2320, is closely related but should not be confused with the statutory comp standard. See Mitchell v. A T & T, 27,290 (La.App. 2 Cir. 8/28/95), 660 So.2d 204, n. 5; Malone & Johnson, Workers' Compensation (13 La. Civil Law Treatise), § 144, n. 1.