JjYELVERTON, Judge.
This appeal is from a summary judgment rendered in a tort suit for personal injuries resulting from a single car accident. Phillip Alexander, Bobby Rutland, and James Hall were employed by Digi-con, Inc. They were off duty when they were in an accident around midnight on August 22, 1993. They were going to get something to eat in the company Blazer. Alexander sued Hall, Rutland, and National Union Fire Insurance (National Union) for tort damages. National Union was Digieon’s insurer. The defendants filed a motion for summary judgment maintaining that Alexander was in the course and scope of employment at the time of his injury, limited to the exclusive remedy of workers’ compensation benefits, and therefore precluded from suing them in tort. The motion was granted. Alexander appealed. We reverse.
SUMMARY JUDGMENT EVIDENCE
Although the motion for summary judgment was based on seven filings, the facts of the case are in Phillip Alexander’s deposition. Alexander was part of a survey crew consisting of him, Rutland, and Hall. They were working away from home. They stayed together in the same room at a motel and shared the cost. Rutland was their supervisor. Rutland did the map work, put the survey lines on the map, kept the truck up, and kept the crew with water while they were on the job. Alexander and Hall cut brush and chained.
At the time of the accident, they had been staying at the motel for about two weeks. Alexander and Hall each got a per diem of $20 for lodging and food. Rutland got $25. Their motel was the Racetrack Inn across from Evangeline Downs near Lafayette, Louisiana. It was the cheapest place they could find. It had no restaurant. J^though they stayed in the same room, the per diem was not enough to pay for their lodging and their food.
Alexander’s and Hall’s mode of transportation to and from the job location every day was the company Blazer assigned to the supervisor, Rutland. In the mornings, they would usually stop at a convenience store for a cup of coffee and a honey bun or something for breakfast, buy their lunch, and then go on to work. They worked ten to twelve hours a day. They had to quit in time so they could see to get out of the woods before dark. They worked seven days a week, sunup to sundown.
Each day after work, on returning to their motel room, the men regularly showered, watched TV, and drank beer. Their evening meal was the last thing on the daily routine right before going to bed. This was because Rutland liked to get his paperwork done and drink some beers before going out to eat.
*910 They depended on the Blazer to have access to food and lodging. It was their only means of transportation while they were on this job. Alexander was not paid travel expenses.
On the evening of the accident, about five hours after their work day ended and after those who were drinking had had enough beer, the three men went out to find a café. They used the company vehicle. The driver was either Hall or Rut-land. Aexander was in the back seat. Either on their way to the café, or on their way home, they were involved in the one-car accident which caused Aexander’s injuries.
The trial judge granted the motion for summary judgment finding that Aexander was within the course and scope of employment at the time of the accident. He dismissed the suit against the defendants. The trial judge did not give reasons for judgment.
|,OPINION
Appellate courts review summary judgments de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
Generally speaking, an employee’s conduct is within the course and scope of his employment if the conduct is of a kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated by a purpose to serve the employer. Orgeron on Behalf of Orgeron v. McDonald, 93-1353 (La.7/5/94); 639 So.2d 224.
“[Ajecidents which occur while the employee is traveling to or from work are not considered to have occurred during the course of employment.” L.J. Earnest Const. v. Cox, 30,506, p. 3 (La.App. 2 Cir. 5/13/98); 714 So.2d 150, 151 (citing Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975)). However, this rule is subject to various nonexclusive exceptions recognized by the jurisprudence. An employee is within the course and scope of his employment when the employer has interested himself in the transportation to and from work as an incident to the employment agreement. Keith v. Gelco Corp., 30,022 (La.App. 2 Cir. 12/10/97); 705 So.2d 244. The principal criteria for determining course of employment cases are time, place, and employment activity. Tucker v. Northeast Louisiana Tree Service, 27,768 (La.App. 2 Cir. 12/6/95); 665 So.2d 672, writ denied and writ not considered, 96-0063, 96-0100; (La.3/8/96); 669 So.2d 404. None of these criteria are met in the present case.
This accident did not happen while Aexander was going to and from work, nor was he on his lunch hour. He was on a personal mission to get something to eat. He was not in the course and scope of his employment. Hill v. West American Ins. Co., 93-915, 93-932 (La.App. 3 Cir. 3/2/94); 635 So.2d 1165, writ denied, 94-1630 (La.9/30/94) ;4 642 So.2d 881; Pitts v. Helmrich & Payne Drilling, 98-1345 (La.App. 1 Cir. 6/25/99); 739 So.2d 335, writ denied, 99-2194 (La.11/5/99); 750 So.2d 187.
On the facts presented by the summary judgment evidence, Aexander’s injury did not arise out of and in the course of his employment. Summary judgment was inappropriate.
For these reasons, the judgment is reversed at appellees’ costs.
REVERSED AND REMANDED.