# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-914


JOSEPH D. POTIER

VERSUS

ACADIAN AMBULANCE SERVICE, INC.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF ST. LANDRY, NO. 12-02343
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.


**AFFIRMED.**



Taylor J. Bassett
Morrow, Morrow, Ryan & Bassett
Post Office Box 1787
Opelousas, Louisiana  70571-1787
(337) 948-4483
Counsel for Plaintiff/Appellant:
    Joseph D. Potier

K. Wade Trahan
Ottinger Hebert, L.L.C.
Post Office Drawer 52606
Lafayette, Louisiana  70505-2606
(337) 232-2606
Counsel for Defendants/Appellees:
    Acadian Ambulance Service, Inc.
    Seabright Insurance Company

**KEATY, Judge.**

Claimant appeals a judgment rendered by the workers' compensation judge (WCJ) denying his motion for summary judgment and granting a cross motion for summary judgment filed by his employer and its insurer. For the following reasons, we affirm.

## PROCEDURAL HISTORY

Claimant, Joseph D. Potier, was injured in a one-vehicle automobile accident on U.S. Highway 190 in Pointe Coupee Parish, Louisiana, on August 26, 2011. He was employed by Acadian Ambulance Service, Inc. as a utility or swing medic[1] at the time, and the accident occurred when he was returning to his home in Sunset, Louisiana, after working a shift in Zachary, Louisiana. Potier filed a Disputed Claim for Compensation Form 1008 on March 28, 2012, seeking indemnity and medical benefits going back to the date of his accident. Acadian answered the 1008, denying that Potier's accident was work related.

Potier filed a motion for summary judgment requesting a determination that, as a matter of law, he was in the course and scope of his employment with Acadian when the accident occurred. Acadian filed a cross motion for summary judgment seeking a determination that Potier was not in the course and scope of his employment when the accident occurred.

Following a hearing, the WCJ denied Potier's motion and granted summary judgment in favor of Acadian and its workers' compensation insurer, Seabright Insurance Company, thereby dismissing Potier's claim with prejudice. Potier now

---

[1] According to the Statement of Uncontested Facts submitted in support of Potier's motion for summary judgment, swing medics "are paramedics employed by Acadian who do not have permanent station assignments, but rather fill employment needs at various Acadian stations within their districts."

appeals, alleging that the WCJ erred in finding that he was not in the course and scope of his employment at the time of the accident.

## DISCUSSION

Appellate courts "review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638.

> Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment, and thus, are not compensable under the Workers' Compensation Act. *Stephens v. Justiss–Mears Oil Co.*, 312 So.2d 293 (La.1975); W. Malone & H. Johnson, 13 *Louisiana Civil Law Treatise—Workers Compensation* § 168 (4th ed.2002). This rule, often called the "going-and-coming rule," is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. *Phipps v. Bruno Const.*, 00-0480 (La.App. 3 Cir. 11/2/00), 773 So.2d 826 (citing *Yates v. Naylor Industrial Services, Inc.*, 569 So.2d 616, 619 (La.App. 2 Cir.1990), *writ denied*, 572 So.2d 92 (La.1991)). Furthermore, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination. *Orgeron ex rel. Orgeron v. McDonald*, 93-1353 (La.7/5/94), 639 So.2d 224, 227.
>
> The going-and-coming rule is, however, subject to various exceptions. . . .[1]

---

[1] The following have been cited in the jurisprudence as exceptions to the going-and-coming rule:

. . . .

(3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses. . . .

*McLin v. Indus. Specialty Contractors, Inc.*, 02-1539, pp. 4-5 (La. 7/2/03), 851 So.2d 1135, 1140.

The facts in this matter are not in dispute. Potier was involved in a one-vehicle accident on U.S. Highway 190 in Pointe Coupee Parish on his way home to Sunset after completing a shift in Zachary on August 26, 2011. Potier had been employed by Acadian since 1997. When he was initially hired, he was an emergency medical technician (EMT) paramedic and was not compensated for his mileage. After becoming a swing medic[2] in 2008, Potier began receiving mileage payments which were calculated based upon the distance between his home and the substation where he was temporarily assigned to work. Approximately six months later, however, Acadian designated the Grosse Tete substation as Potier's home station, and his mileage payments began being calculated based upon the predetermined distance between the Grosse Tete substation and whatever station he was scheduled to work out of rather than the actual mileage Potier actually traveled on any particular date. Potier was not compensated for the time he spent traveling, and he was not required to check in at the Grosse Tete substation before or after any of his shifts. At the time of the accident, Potier was assigned to the Capital area, which encompassed the following parishes: Ascension, East and West Baton Rouge, East Feliciana, Iberville, Livingston, and Pointe Coupee. Potier's accident occurred to the west of the Grosse Tete substation, i.e., Potier had already traveled from his assignment in Zachary to well beyond the Grosse Tete area en route to his home in Sunset.

---

[2] In this opinion, we refer to Potier's position at Acadian interchangeably as a swing or utility medic as has been done by the parties throughout this litigation.

In support of his motion for summary judgment, Potier argued that because Acadian reimbursed him for his mileage on trips to and from his assignments as a utility medic, it interested itself in his transportation, thus bringing this case within an exception to the going-and-coming rule. He likened his situation to that presented in *Johnson v. Templeton*, 99-1274 (La.App 3 Cir. 3/29/00), 768 So.2d 65, *writ denied sub nom., Schaefer v. Templeton,* 00-1235 (La. 8/31/00), 766 So.2d 1276, and *writs denied*, 00-1912, 00-1930 (La. 8/31/00), 766 So.2d 1285, 1286.

In *Johnson*, employees and the estate of an employee filed personal injury and wrongful death actions against their employer, its insurer, and the co-employee/driver of a van which was involved in a one-vehicle accident that occurred when the employees were returning to Baton Rouge in a company van after completing an auditing job Alexandria. The employees had met at a Baton Rouge hotel early one morning and had traveled to Alexandria on one of four company vans, arriving at their destination around 7:30 a.m. They worked until about 11:30 p.m. that evening, after which they boarded their assigned van to return to Baton Rouge. While traveling near Opelousas, the driver swerved to avoid an animal and lost control of the van, which rolled three times before coming to rest, ejecting several employees in the process and resulting in serious injuries, and in one case death, to the employees. The employees in *Johnson* "were paid $0.08 per mile in travel pay, less the first twenty miles traveled." *Id.* at 70. The record further disclosed that the employees were required to check in at the Baton Rouge hotel before leaving for the worksite in Alexandria.

After determining that the employees were not in the course and scope of their employment when the accident occurred, a jury awarded the employees varying damage awards. The defendants appealed, and this court reversed, finding

that the jury committed legal error in finding that the employees were not engaged in the course and scope of their employment when the accident occurred. In doing so, we held that "where transportation is furnished as an incident of employment, either through a vehicle or payment of expenses, and where wages are paid for the time spent traveling, the employee is engaged in the course and scope of employment." *Id.* at 71. Accordingly, we reversed the jury's verdict as a result of our application of the exclusivity provision of the Louisiana Workers' Compensation Act, La.R.S. 23:1032.[3] In doing so, we distinguished *Mitchell v. Pleasant Hill General Hospital, Inc.*, 491 So.2d 183 (La.App. 3 Cir.), *writ denied*, 493 So.2d 1223 (La.1986), where we found that an $8 per day travel allowance was a salary supplement meant to attract qualified personnel and was not paid in lieu of the employer furnishing transportation for the employee, so that the employee injured on her way home from work was not in the course and scope of her employment and, thus, was not entitled to workers' compensation benefits.

Here, Potier submitted that like the employer in *Johnson*, Acadian paid his mileage in lieu of providing him transportation and not as a means of supplementing his salary, thus interesting itself in his transportation. Potier admitted that unlike the employees in *Johnson*, he was not required to check in at a certain place before heading to work. Nevertheless, he insists that this court should apply the principles pronounced in *Johnson* to find that he was in the course and scope of his employment with Acadian when this accident occurred.

In support of its own motion for summary judgment, Acadian insisted that Potier's reliance on *Johnson* was misplaced because it did not provide him with

---

[3] Although not relevant to this appeal, we rejected the employees' assertion that the driver and/or their employer were guilty of intentional acts so as to allow them to fall under the exception to the workers' compensation exclusivity rule. *Johnson*, 768 So.2d 65.

transportation, its mileage payments to him were not based upon his actual travel expenses, and because he was not paid for his time traveling to and from his assigned substation. Acadian argued that this matter is akin to *Mitchell*, the case distinguished by the *Johnson* court, because the mileage it paid to swing medics, such as Potier, was done for the purpose of attracting qualified personnel to work in areas where there are an insufficient number of EMTs to staff Acadian's ambulances. Acadian submitted that the following language from *Mitchell*, 491 So.2d at 185, is dispositive of this case:

> The mere payments of travel expenses, without an expressed or implied agreement to furnish transportation, does not place the employee within the course and scope of his employment while traveling to and from work if such payments bear no relation to the actual travel expenses involved in the specific case, and are intended only as an inducement to attract qualified personnel at a particular job site.

Acadian attached to its motion the affidavit of Joseph Lightfoot, Acadian's head of human resources, who stated that only swing medics receive mileage payments from Acadian and that such payments are made as "a supplement and/or inducement to attract qualified personnel." Lightfoot further attested that Potier was not compensated for the time he spent traveling and that the mileage payments to swing medics did not incorporate the actual miles that they traveled.

In further support of its motion for summary judgment, Acadian argued that in *Trahan v. Acadian Ambulance Service*, 96-1331 (La.App. 3 Cir. 3/5/97) (unpublished opinion), a case which presented facts identical to those presented herein, this court affirmed the WCJ's finding that an employee who was injured in an automobile accident on her way home from work was not in the course and scope of her employment. Acadian submitted that, like Potier, the claimant in *Trahan* was compensated for the mileage from her home base station to her

6

assigned work station. Accordingly, Acadian contended that summary judgment should be issued in its favor, finding that Potier was not in the course and scope of his employment when the accident occurred.

We reject Potier's contention that Acadian involved itself in his transportation to work. Like the mileage payments made to the claimant in *Mitchell*, the mileage payments made to Potier bore "no relation to the actual travel expenses" that he incurred in getting to work each day. *Mitchell*, 491 So.2d at 185. Rather, the facts indicate that the mileage payments were an inducement used by Acadian to attract qualified EMTs to work as swing medics. Moreover, this matter is factually distinguishable from *Johnson*, 768 So.2d 65, where the claimants were injured while traveling from a work assignment in a van provided by their employer. After conducting a de novo review of the evidence submitted by Potier and Acadian in support of their respective motions for summary judgment, we conclude that Potier was not in the course and scope of his employment with Acadian when the accident occurred.

## DECREE

For the foregoing reasons, we affirm the WCJ's grant of summary judgment in favor of Acadian Ambulance Service, Inc. and Seabright Insurance Company and the resulting dismissal, with prejudice, of Joseph D. Potier's claims against them. All costs of this appeal are assessed against Joseph D. Potier.

**AFFIRMED.**

7