# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-207


**PERRY GEORGE**

**VERSUS**

**COCA-COLA BOTTLING COMPANY UNITED, INC.**

**\*\*\*\*\*\*\*\*\*\***
ON APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT # 04
PARISH OF LAFAYETTE, NO. 21-05780
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***
**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Van H. Kyzar, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**AFFIRMED.**

Lance S. Ostendorf
John S. Alsobrook
Philip A. Costa
Ostendorf Tate Barnett, LLP
650 Poydras Street, Suite 1460
New Orleans, Louisiana 70130
504-324-2244
**COUNSEL FOR EMPLOYER/APPELLANT**:
    Coca-Cola Bottling Company United, Inc**.**

Taylor J. Bassett
Morrow, Morrow, Ryan, Bassett & Haik
324 W. Landry St.
Opelousas, Louisiana 70570
337-948-4483
**COUNSEL FOR CLAIMANT/APPELLEE**:
    Perry George

**PERRY, Judge.**

In this workers' compensation case, the employer appeals the Workers' Compensation Judge's grant of summary judgment in favor of the claimant. The claimant answered the appeal, seeking an increase in attorney fees. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2021, Mr. Perry George ("Mr. George") was employed as a delivery driver for Coca-Cola Bottling Company United ("Coca-Cola") and was involved in a unique motor vehicle accident while in the course and scope of his employment. While conducting a delivery, the Coca-Cola truck was struck by another vehicle. Mr. George was injured as a result of the impact. Thereafter, Mr. George filed a claim for workers' compensation benefits and began receiving indemnity payments and reimbursements for medical costs.

On September 14, 2021, Dr. Jayme Trahan ("Dr. Trahan"), Mr. George's treating neurosurgeon, filed a form LWC-WC-1010 with Coca-Cola, requesting approval of a 3-level anterior cervical discectomy and fusion, which he related to Mr. George's accident on March 5, 2021. Coca-Cola denied Dr. Trahan's request.

On September 23, 2021, Mr. George filed a form LWC-WC-1009 appeal with the Office of Workers' Compensation Administration Medical Services Division. On October 12, 2021, the Medical Director approved the surgery, finding it medically necessary. Thereafter, Dr. Trahan submitted another LWC-WC-1010 to Coca-Cola, requesting approval of the surgery. Once more, Coca-Cola denied approval.

Later, on October 19, 2021, Mr. George filed a form LWC-WC-1008 with the Office of Workers' Compensation ("OWC"), seeking approval of the surgery; at the same time, he asked for penalties and attorney fees for Coca-Cola's failure to timely authorize the surgery. Simultaneously, Mr. George filed a motion for summary

judgment seeking the relief prayed for on October 19, 2021.[1] Attached to Mr. George's motion for summary judgment were six exhibits: (1) the LWC-WC-1010 which Dr. Trahan's office submitted on September 14, 2021; (2) the LWC-WC-1010A submitted by Coca-Cola to Dr. Trahan on September 14, 2021; (3) Dr. Trahan's response to Coca-Cola's LWC-WC-1010A on September 15, 2021; (4) the Medical Director's Approval of 3-Level ACDF with instrumentation; (5) the denial by Coca-Cola of Dr. Trahan's LWC-WC-1010 submitted by the doctor's office on October 14, 2021; and (6) Mr. George's motion, memorandum, and reply memorandum.

On October 25, 2021, the WCJ set the hearing on Mr. George's motion for summary judgment for December 3, 2021.

On November 11, 2021, Coca-Cola filed an opposition memorandum to Mr. George's motion for summary judgment. Attached to the memorandum were six exhibits: (1) the Second Injury Board Response Questionnaire, which Mr. George completed when he was hired; (2) the visit notes of March 4, 2021, completed by the nurse practitioner, Jennifer Navarre; (3) the transitional work assessment offer dated March 8, 2021; (4) Mr. George's interview dated March 5, 2021; (5) the notes of Dr. Trahan; (6) an email between Mr. George's attorney, Taylor Bassett, and the nurse Brittani Daigle, RN, BSN, Coca-Cola's field case manager.

---

[1] Louisiana Code of Civil Procedure Article 966(A)(1) provides that "[a] plaintiff's motion [for summary judgment] may be filed at any time after the answer has been filed." As the WCJ stated in its oral reasons for judgment:

> In this matter, no answer has been filed and an opposition to the motion for summary [judgment] was filed. Any objection on the basis that the motion for summary judgment was filed before an answer was filed was waived when the defendant opposed Mr. Perry's motion without filing a dilatory exception of prematurity. Additionally, the defendant did not file a motion to continue.

Although the record confirms the WCJ's comments, the record does show Coca-Cola ultimately filed an answer after the WCJ issued its oral reasons and well after the hearing on Mr. George's motion for summary judgment.

In response to Coca-Cola's opposition memorandum, Mr. George filed a reply memorandum on November 29, 2021. Among other arguments, Mr. George objected to the admissibility of Coca-Cola's six exhibits. As none of Coca-Cola's exhibits were pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations or admissions, as required by La.Code Civ.P. art. 966, he contended that they could not be admitted into evidence and considered by the WCJ at the hearing on the motion for summary judgment.

At the hearing on December 3, 2021, the WCJ granted Mr. George's objection to Coca-Cola's inclusion of the six exhibits attached to its opposition to the motion for summary judgment. In response to that exclusion of the exhibits, Coca-Cola proffered them into evidence. Additionally, the WCJ concluded at the hearing that Coca-Cola had not objected to Mr. George's exhibits in its memorandum in opposition to the motion for summary judgment. It further found that Coca-Cola's oral objections to Mr. George's exhibits, raised for the first time at the hearing on the motion for summary judgment, came too late. Accordingly, the WCJ determined it was required to consider Mr. George's exhibits. It then requested post-hearing briefs to be filed by December 8, 2021.

After receiving additional briefs from the parties, the WCJ provided oral reasons for judgment on December 20, 2021. In its oral reasons, the WCJ confirmed its earlier evidentiary rulings and further granted Mr. George's motion for summary judgment, finding Mr. George was entitled to the surgery as requested. It also found that Mr. George was entitled to a $2,000.00 penalty for Coca-Cola's failure to approve the surgery and attorney fees of $3,500.00.

Coca-Cola perfected a suspensive appeal. And Mr. George answered the appeal, seeking an increase of attorney fees.

## APPELLANT'S ASSIGNMENTS OF ERROR

Coca-Cola designated eight assignments of error[2]:

(1) The workers' compensation court erred in granting summary judgment because the surgical procedure requested by the treating physician requires a Second Medical Opinion.

(2) The workers' compensation court erred in granting summary judgment because more time was needed in order to compile a complete medical history for the Second Medical Opinion.

(3) The workers' compensation court erred in granting summary judgment as genuine issues of material fact exist.

(4) The workers' compensation court erred in its determination of what constituted material facts.

(5) The workers' compensation court erred in granting summary judgment for the reason that it made credibility determinations based upon uncertified and unauthenticated documents.

(6) The workers' compensation court erred in granting summary judgment when it allowed into evidence the uncertified and unauthenticated documents introduced by Mr. George in spite of the objections of Coca-Cola.

(7) The workers' compensation court erred in granting summary judgment for the reason that Coca-Cola was entitled to a Second Medical Opinion.

(8) The workers' compensation court erred in granting summary judgment in spite of the fact that discovery was incomplete.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845. Summary judgment procedure is favored and shall be construed "to secure the just, speedy, and

_____

[2] Coca-Cola has not assigned as error the amount of the penalty assessed or the amount of attorney fees awarded.

4

inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment will be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The party seeking summary judgment must show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(D)(1). "[I]f the mover will not bear the burden of proof at trial," he need not "negate all essential elements of the adverse party's claim," but he must show "that there is an absence of factual support for one or more elements essential to the adverse party's claim." La.Code Civ.P. art. 966(D)(1). If the movant meets his initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"When appropriate under Articles 966 and 967, summary judgment is available in workers' compensation cases." *Craig v. Bantek W., Inc.*, 04-229, p. 5 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241, 1244. *See also Mitchell v. Alliance Compressors,* 18-857 (La.App. 3 Cir. 5/1/19), 269 So.3d 977, *writ denied*, 19-1147 (La. 10/8/19), 280 So.3d 589; *Potier v. Acadian Ambulance Serv., Inc.*, 13-914 (La.App. 3 Cir. 2/12/14), 153 So.3d 1082, *writ denied*, 14-527 (La. 4/25/14), 138 So.3d 647.

## LAW AND DISCUSSION

We will first turn our attention to the objection Coca-Cola made to the exhibits attached to Mr. George's memorandum in support of his motion for summary judgment. The WCJ denied Coca-Cola's objection to Mr. George's exhibits, finding its oral objection to the exhibits made for the first time at the hearing did not comply

5

with La.Code Civ.P. art. 966(D)(2). Coca-Cola contends that its oral objection to Mr. George's exhibits was sufficient because the rules of evidence are relaxed in workers' compensation cases. Mr. George contends that the law relative to summary judgment does not carve out an exception to the objection rules set out in La.Code Civ.P. art. 966(D)(2).

In *Chaisson v. Cajun Bag & Supply Co.*, 97-1225, pp. 9-10 (La. 3/4/98), 708 So.2d 375, 381, the court stated that "under the express language of LSA-RS 23:1317, worker's compensation hearing officers are 'not bound by the technical rules of evidence.' *Id.* In other words, the hearing officer has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence."

In the present case, the WCJ was not faced with a question of the admissibility of evidence under the Code of Evidence. Rather, its attention was particularly drawn to the procedure to object to exhibits attached to a memorandum filed in a summary judgment proceeding. Specifically, La.Code Civ.P. art. 966(D)(2) provides as follows:

> The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

Addressing this provision, Comment (k) to La.Code Civ.P. art. 966 states that "[t]his Subparagraph also makes explicit that an oral objection to any document cannot be raised at the hearing on the motion for summary judgment[.]"

It is well established that the purpose of summary judgment procedure is the just and speedy determination of actions. *See e.g., Cupit o/b/o Cupit v. Twin City*

*Fire Ins. Co.*, 17-918 (La.App. 3 Cir. 3/14/18), 240 So.3d 993. With that as its purpose, summary judgment procedure has established specific rules for the presentation of supporting and opposing documents, as well as a specified method of objecting to those documents. Such a provision meets the "just" element of such a procedure, helps secure that such issues do not blindside litigants at the last moment, and allows the court to truly assess the proof to see whether there is a genuine need for trial.

In the present case, the WCJ followed the authority set out for summary judgment procedure and correctly assessed Coca-Cola's oral objection raised for the first time at the hearing on the motion for summary judgment. We find no error in the WCJ's rejection of Coca-Cola's oral objection to Mr. George's exhibits attached to his motion for summary judgment.

Louisiana Code of Civil Procedure Article 966(D)(2) (emphasis added) provides that "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and *shall* consider any documents to which *no objection is made*." In the present case, the record shows that Coca-Cola raised an objection for the first time at the hearing on the motion for summary judgment—an objection it raised orally. In addressing this, the WCJ rejected Coca-Cola's late-filed, oral objection. As provided in La.Code Civ.P. art. 966(D)(2), we find the WCJ correctly considered the exhibits Mr. George attached to his motion for summary judgment because Coca-Cola failed to object to them in the required manner. *See Aucoin v. Larpenter*, 20-792 (La.App. 1 Cir. 4/16/21) 324 So.3d 626, *writ denied*, 21-688 (La. 9/27/21), 324 So.3d 87; *Mariakis v. N. Oaks Health Sys.*, 18-165 (La.App. 1 Cir. 9/21/18), 258 So.3d 88. We conclude that we are also

7

mandated to consider Mr. George's exhibits because Coca-Cola failed to lodge a proper and timely objection to them.

We now turn our attention to Mr. George's objection to the exhibits Coca-Cola attached to its opposition memorandum. In contrast to Coca-Cola's objection raised for the first time at the hearing on the motion for summary judgment, Mr. George objected to Coca-Cola's exhibits in a reply memorandum in advance of the hearing. In that objection, Mr. George contended that Coca-Cola's exhibits did not meet the requirements of La.Code Civ.P. art. 966(A)(4). We have reviewed the proffered exhibits, as well as Mr. George's objection to those exhibits, and find, as did the WCJ, that these exhibits do not meet the requirements of La.Code Civ.P. art. 966(A)(4). Therefore, we conclude that these exhibits in opposition to summary judgment are not to be considered.

We will now address the merits of Mr. George's motion for summary judgment and Coca-Cola's arguments raised in its opposition memorandum and brief to this court. In doing so, we not only examine whether there are no genuine issue as to material fact and whether Mr. George as the mover is entitled to judgment as a matter of law, we will also address these issues raised in Coca-Cola's assignments of error, namely: (1) that more time was needed to complete a complete medical history of Mr. George; (2) that more time was needed to complete discovery; and (3) that the documents which would have been produced in the above assignments of error were needed for a Second Medical Opinion.

"A motion to continue has been held to be the proper method for asserting that a motion for summary judgment is premature because the adverse party has not been able to conduct adequate discovery." *Laforge v. Golden Nugget Lake Charles, LLC*, 20-110, p. 6 (La.App. 3 Cir. 11/4/20), 307 So.3d 266, 270. In *Miller v. Acadian*

*Ambulance Serv., Inc.*, 17-1096, pp.8-9 (La.App. 3 Cir. 5/23/18), 248 So.3d 469, 475-76, (emphasis added), *writ denied*, 18-1452 (La. 11/20/18), 256 So.3d 990, we stated:

> Louisiana Code of Civil Procedure Article 1601 provides that "[a] continuance may be granted in any case if there is good ground therefor." Under La.Code Civ.P. art. 1602, a continuance must be granted if "the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance." The court in *Suarez v. Acosta*, 15-750, pp. 9-10 (La.App. 5 Cir. 3/16/16), 194 So.3d 626, 632 (citations omitted) discussed the trial court's discretion in granting or denying a continuance and stated in pertinent part:
>
>> In determining whether to grant a continuance, the trial court must consider the particular facts in each case. Some factors to consider are diligence, good faith, and reasonable grounds. The trial court may also weigh the condition of the court docket, fairness to the parties and other litigants before the court, and the need for orderly and prompt administration of justice. A trial court has great discretion in granting or denying a motion for a continuance under La. C.C.P. art. 1601, and that discretion will not be disturbed on appeal in the absence of **clear abuse of discretion**.

Our review of the record shows that Coca-Cola neither sought discovery during the course of this litigation nor filed a motion for continuance. The record also shows that even after Coca-Cola denied Dr. Trahan's request for surgery, it never sought a Second Medical Opinion. Thus, we find no merit to Coca-Cola's assertion of these issues.

Louisiana Revised Statutes 23:1203(A) states, in pertinent part, that "the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment[.]" In *Roussell v. St. Tammany Parish School Board*, 04-2622 (La.App. 1 Cir. 8/23/06), 943 So.2d 449, the court held that a workers' compensation claimant may recover medical expenses that are reasonably necessary

9

for the treatment of a medical condition caused by a work-related injury. The plaintiff must prove the necessity of the treatment and the causal connection between the treatment and the employment-related accident. *Id.* Accordingly, it was Mr. George's burden as the mover on the motion for summary judgment to establish by a preponderance of the evidence that the recommended surgery was reasonably necessary and that the March 5, 2021 motor vehicle accident was the cause of his need for the surgery.

On September 21, 2021, Dr. Trahan, the treating neurosurgeon of Mr. George, submitted signed evidence to Coca-Cola requesting approval of cervical surgery. Attached to this submission were medical records from the claimant's office visits with Dr. Trahan on May 17, 2021, June 23, 2021, and August 6, 2021, as well as a C-spine MRI dated April 21, 2021, which noted disk protrusions at C-3/4, C-4/5, and C-5/6.

In Dr. Trahan's office note dated August 6, 2021, he recommended an anterior cervical discectomy and fusion spanning C3-C4 to address the anterior column symptoms and cervical radiculopathy. At that time, Dr. Trahan opined that "more likely than not, the symptoms and subsequent treatment to [Mr. George's cervical spine are both temporally] and causally related to the injuries sustained during the accident on March 5, 2021."

Mr. George also entered into evidence Coca-Cola's denial of that request for cervical surgery, which stated, "at this time we are unable to forward the request through precert prior to obtaining medical records from prior treatment Mr. George had for the cervical. Mr. George indicated prior cervical injury in an MVA in 2019."

Subsequently, Mr. George appealed Coca-Cola's implied denial to the OWC Medical Director. In approving Dr. Trahan's request for cervical surgery, the OWC

10

Medical Director stated, "Care covered by the medical treatment schedule. All records submitted were reviewed. The documentation submitted does support the approval of the requested services in review for compliance with the Medical Treatment Schedule." In addition, Jason Picard, the Medical Director, noted, "There is radiculopathy and conservative failure and criteria for the procedure as per the guidelines."

Considering the law and the evidence, we find there are no genuine issues of material fact, and Mr. George is entitled to summary judgment as a matter of law.

Mr. George has answered the appeal, seeking an increase in attorney fees for additional legal work rendered at the appellate level. Considering the record, including the fact that Coca-Cola perfected a suspensive appeal, and the argument provided in support of summary judgment, we find that an increase in attorney fees of $3,500.00 is justified in the present case.

### DECREE

For the foregoing reasons, we affirm the judgment of the Workers' Compensation Judge. Additionally, the judgment of the Workers' Compensation Judge is amended, and judgment is rendered in favor of Lyman Smith and against Coca-Cola Bottling Company United in the amount of $ 3,500.00 as additional attorney fees for the work necessitated by this appeal. All costs of this appeal are assessed against Coca-Cola Bottling Company United.

**AFFIRMED.**